FILED
CLERK
12/14/2021 4:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERGUN BOZDOGAN,

                              Plaintiff,

                                                  **ORDER**

       -against-                                 16-CV-1053 (JMW)

23 LUDLAM FUEL, INC., JOHN PARISI and ANTON
PARISI,
                              Defendants.
-------------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Plaintiff Ergun Bozdogan commenced this FLSA/NYLL action for unpaid overtime wages during his employment at Defendants' gas station located at 23 Ludlam Road in Bayville, New York from August 2011 through June 2015.  (DE 1.)  The late-Honorable A. Kathleen Tomlinson presided over a bench trial of this matter on January 23, 2019 – January 24, 2019.  (DE 60; DE 61.)  On October 25, 2021, prior to a decision being rendered and judgment being entered, the matter was reassigned to the undersigned. (Electronic Order dated Oct. 25, 2021.)  Upon reassignment of this matter to the undersigned, a status conference was held (DE 70) at which the Court inquired whether Plaintiff or Defendants would request to recall any witnesses pursuant to Federal Rule of Civil Procedure 63.  That rule states:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63.

The Court set a date by which the parties were to advise the Court whether they intended to recall witnesses (DE 70). Thereafter, Defendants filed a letter advising the Court of their request to re-call Defendant John Parisi to clarify certain portions of his trial testimony bearing on the issues of willfulness and liquidated damages. (DE 71.) In addition, however, Defendants also advised that they intend to have Mr. Parisi "introduce payroll records for rebuttal witness Faith Kayis, which were not available at trial, but establish compliance with federal and state overtime requirements as to Mr. Kayis during the period of plaintiff's employment." (*Id.*) Further, Defendants seek the Court's permission to have Mr. Parisi "introduce similar records establishing compliance for three other workers whose employment coincided with that of the plaintiff at the subject station between 2013 and 2015." (*Id.*)

Before the Court therefore is an application by Defendants seeking leave to reopen the trial of this matter to admit additional records into evidence. (DE 71.) Defendants' application to introduce additional records through Mr. Parisi's testimony falls outside the ambit of Fed. R. Civ. P. 63. Defendants are essentially requesting that the Court reopen the record post-trial.

Requests to reopen the trial court record to introduce new evidence have generally been analyzed in this District under a three-prong test: "(1) whether or not the moving party's failure to submit evidence was the result of its own lack of diligence; (2) the extent to which reopening the record might prejudice the nonmovant; and (3) where the interests of justice lie." *Romeo v. Sherry*, 308 F. Supp. 2d 128, 139 (E.D.N.Y. 2004) (citing *John v. Sotheby's, Inc.*, 858 F. Supp. 1283, 1288 (S.D.N.Y. 1994). Based upon the submission alone (DE 71), the Defendant has not satisfied this test to reopen the record for the admission of additional documentary evidence. Accordingly, the branch of the application that seeks to introduce new documents is denied, with leave to renew, unless Plaintiff stipulates to the introduction of the proposed new evidence. The

parties are advised to submit a joint letter on or before December 20, 2021, advising the Court whether Plaintiff consents to Defendants' application to introduce additional records when Mr. Parisi is re-called to testify, and if Plaintiff does not consent, if Defendants intend to renew the motion. If the latter, then the parties shall also submit a proposed briefing schedule regarding Defendants' request to reopen the evidentiary record.

      The continued trial with the recalling of Mr. Parisi is scheduled for January 19, 2022 at 11:00 a.m. in courtroom 1020

Dated:  Central Islip, New York
        December 14, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
      JAMES M. WICKS
    United States Magistrate Judge