| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>------------------------------------------------------------X<br>ERGUN BOZDOGAN<br>                                        Plaintiff,<br><br>               -against-<br><br>23 LUDLAM FUEL, INC., JOHN PARISI, and<br>ANTON PARISI,<br><br>                                        Defendants.<br>------------------------------------------------------------X | **FILED**<br>**CLERK**<br>2/22/2022 3:59 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**MEMORANDUM DECISION**<br>**AND ORDER**<br><br>CV 16-1053 (JMW) |

**APPEARANCES:**

Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
4242 Merrick Rd
Massapequa, NY 11758
*Attorney for Plaintiff*

Jeffrey H. Weinberger
Law Office of Steven Cohn, P.C.
1 Old County Rd, St 420
Carle Place, NY 11514
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Ergun Bozdogan ("Plaintiff") commenced this action against corporate Defendant 23 Ludlam Fuel, Inc. ("Ludlam") and individual Defendants John Parisi and Anton Parisi (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and regulations promulgated thereunder for failure to pay overtime compensation and spread of hours wages. *See generally* Complaint ("Compl.") (DE 1).

On January 23 and 24, 2019, a bench trial was held before Magistrate Judge A. Kathleen Tomlinson.[1] (DE 60-61.) Following the bench trial, Plaintiff moved to amend his pleadings to conform

---

[1] On October 25, 2021, this action was reassigned to the undersigned while a decision on the bench trial remained *sub judice*. (Electronic Order dated Oct. 25, 2021.) The action is before the undersigned for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c). (DE 39.)

1

to the evidence introduced at trial, pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. *See* Plaintiff's Memorandum of Law in Support of Motion to Amend (DE 67-1); Plaintiff's Reply Memorandum of Law in Support of Motion to Amend (DE 68). Specifically, Plaintiff seeks to amend his pleadings to assert claims for wage notice and statement violations under the NYLL against Defendants. (*Id.*) Defendants oppose the motion chiefly arguing that the amendment is improper because the claims sought to be added were not tried by the parties either by express or implied consent. *See* Defendants' Memorandum of Law in Opposition to Motion to Amend (DE 66). For the reasons that follow, Plaintiff's motion to amend the pleadings is GRANTED.

## BACKGROUND

On March 2, 2016, Plaintiff commenced this action against Defendants alleging the failure to pay overtime wages in violation of the FLSA and NYLL. (DE 1.) The Complaint alleges willful violations of the FLSA and NYLL and seeks compensatory damages, liquidated damages, attorneys' fees and costs. (*Id.* at 7-8.) On May 11, 2016, Defendants filed their Answer to the Complaint. (DE 18.) Thereafter, discovery commenced and was completed on March 10, 2017. (Electronic Order dated Feb. 7, 2017.)

On April 3, 2017, the parties submitted a proposed Joint Pre-Trial Order ("JPTO") which included counsel's contact information, the manner in which the trial would proceed, anticipated length of the trial, stipulations of fact and law, witnesses to be called at trial, and deposition testimony and exhibits to be introduced at trial. (DE 38.) The JPTO was silent as to the causes of action sought to be tried. (*Id.*) On April 10, 2021, Judge Tomlinson held a Pre-Trial Conference at which she noted several issues with the JPTO which needed to be addressed before approval. (DE 41.) These issues related to the parties' exhibit list, objections to exhibits, and the manner in which the witnesses were intended to be called during trial. (*Id.*) The final JPTO was held in abeyance until these issues were resolved. (*Id.*) On October 1, 2018, the parties consented to the Magistrate Judge Tomlinson's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (DE 49.)

On November 2, 2018, Judge Tomlinson held another conference with the parties and deemed the case trial ready. (DE 51.) Some of the issues previously noted in the parties' initial JPTO were addressed

and resolved at this conference, including those related to the witnesses and exhibits to be introduced at trial. (DE 52.) As such, implicit in deeming the case trial-ready, the JPTO was seemingly accepted as filed, with certain modifications discussed at the conference incorporated therein. These modifications, however, did not relate to the causes of actions intended to be tried. (*Id.*)

The parties each submitted a pre-trial memorandum on January 11 and 13, 2019, respectively. (DE 58; DE 59.) Plaintiff's pre-trial memorandum asserted for the first time that Defendants failed to provide Plaintiff with wage notices and statements in violation of NYLL §§ 195(1)(a) and 195(3). (DE 58 at 21-22.) Plaintiff sought statutory damages for these newly asserted violations, in addition to compensatory damages, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest arising from Defendants' failure to pay overtime compensation. (*Id.*) Defendants' pre-trial memorandum was filed two days *after* Plaintiff filed theirs, however it did not address Plaintiff's newly alleged wage notice and statement claims. (DE 59.) At no point did Defendants raise any opposition to Plaintiff's attempt to raise these claims prior to the commencement of the bench trial.

On January 23 and 24, 2019, a bench trial was held before Magistrate Judge Tomlinson. (DE 60; DE 61.) During the trial, Plaintiff elicited testimony from Defendant John Parisi and non-party witnesses regarding Defendants' failure to provide wage notices and statements without objection from Defendants. (DE 63-16 at 24, 34-35, 166-68, 181-82, 188, 191, 194, 267-68, 280, 283, 285.) At the conclusion of the trial, Plaintiff's counsel advised the Court of his intention to move to conform the pleadings to the evidence introduced at trial. (*Id*. at 342.) The Court set a briefing schedule for the motion, along with a deadline for the parties to submit their respective proposed findings of fact and conclusions of law. (*Id*. at 349-50.) On May 8, 2019, Plaintiff filed a fully briefed motion to amend his pleading to assert two claims, including wage notice and statement violations under NYLL §§ 195(1)(a) and 195(3). (DE 66; DE 67; DE 68.)

After the passing of Magistrate Judge Tomlinson, this matter was reassigned to the undersigned on October 25, 2021. (Electronic Order dated Oct. 25, 2021.) On December 2, 2021, this Court held a conference to confer with the parties as to whether they intended to recall any material witnesses pursuant

to Rule 63. (DE 70.) Plaintiff's counsel advised that Plaintiff did not intend to recall any witnesses. (*Id.*) Defendants' counsel advised that Defendants intended to recall Defendant John Parisi to clarify certain portions of his trial testimony regarding the issues of willfulness and liquidated damages.[2] (DE 71.) At the conference, the Court further discussed the arguments raised by the parties on Plaintiff's motion to conform the pleadings to the evidence introduced at trial. (DE 70.) Defendants were permitted to supplement their opposition to Plaintiff's motion to further address why consent should not be implied from the circumstances presented by the record. (*Id.*) Rather than supplement their opposition, Defendants informed the Court that they would rest on their post-trial submissions. (DE 71.)

## ANALYSIS

Plaintiff now moves, pursuant to Rule 15(b), to amend the Complaint to add two claims: *first*, a claim for violation of NYLL § 195(3), which requires employers to furnish employees with wage statements containing certain information each payday, and *second*, a claim for violation of NYLL § 195(1), which requires employers to furnish employees with a wage notice containing certain information at the time of hiring and on an annual basis. (DE 67-1 at 5.) Plaintiff argues that the claims were tried by the parties' implied consent, and that Defendants would not be prejudiced if the amendments were permitted. (*Id.* at 3-4, 6-9.) In opposition, Defendants argue that Rule 15(b) precludes the addition of new or different claims and, even assuming it did not, Defendants maintain that implied consent cannot be construed from the parties' actions. (DE 66 at 2-6.)

It is undisputed that Plaintiff's proposed wage notice and statement claims were not litigated with express consent. As such, the central inquiry before the Court is whether the claims were litigated with implied consent.

Before turning to the implied consent inquiry, the Court first addresses Defendants' contention that Rule 15(b) seemingly precludes a party from adding new or different claims. (DE 66 at 5.) In

---

[2] On January 19, 2022, Defendant John Parisi was re-called to testify before the Court under Rule 63 at Defendants' request. (DE 75.) The trial record is now fully submitted and the trial decision is *sub judice.*

4

support of this argument, Defendants cite to three district court cases, none of which directly support their proposition.  First, one of the cited authorities – *Johnson v. Helicopter & Airplane Servs. Corp.*, 389 F. Supp. 509 (D. Md. 1974) – is outside the Second Circuit.  Nonetheless, while *Johnson* comments on one of the functions of Rule 15(b), it does not support the proposition that the rule precludes a party from adding new or different claims. *Id*. at 513.  With respect to the other two cited authorities, *Kirk v. Metro. Transp. Auth.*, No. 99 CV 3787 RWS., 2001 WL 258605, at *16 (S.D.N.Y. Mar. 14, 2001), notes that proposed amendments that "merely ... make defective allegations more definite and precise are more favored than those seeking to assert new claims," but goes on to acknowledge that "amendments [seeking to add new claims] are not necessarily barred after summary judgment motions have been filed" and may be appropriate after considering "notice and whether the new claims arise out of the same set of operative facts." *Id*.  Moreover, *Ho Myung Moolsan, Co. v. Manitou Min. Water, Inc.*, No. 07 Civ 07483(RJH), 2010 WL 4892646, at *13 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 501 F. App'x 85 (2d Cir. 2012), provides that "Rule 15(b) motions are intended to correct the theory of an existing claim and not to assert new and different claims," but then implicitly defines "new and different claims" as those which are not actually tried and only inferentially suggested by incidental evidence in the record. *Id.*  As such, the district court in *Ho Myung Moolsan* did not hold that Rule 15(b) *per se* precludes the addition of new claims under all circumstances.  This is neither supported by the express language of Rule 15(b) nor any of the cases Defendants cite.

> Rule 15(b) applies to "amendments during and after trial," and specifically provides:
>
> > (1) *Based on an Objection at Trial*. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
> >
> > (2) *For Issues Tried by Consent*. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move — at any time, even after judgment — to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

The key questions when considering an amendment under Rule 15(b) are whether the issues were litigated with "express or implied consent, . . . whether the defendant would be prejudiced by the implied amendment, i.e., whether [the defendant] had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 604 (S.D.N.Y. 2007) (internal quotation marks omitted) (citing *Royal Am. Managers, Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1017 (2d Cir. 1989)); *accord Myers v. Moore*, 326 F.R.D. 50, 61 (S.D.N.Y. 2018); *United States ex rel. Raffington v. Bon Secours Health Sys., Inc*., 10 Civ. 9650, 2021 WL 4762054, at *12–13 (S.D.N.Y. Oct. 13, 2021).

Where, as here, there is no express consent, implied consent may generally arise from one of two circumstances. *See In re Leff*, 631 B.R. 106, 118–19 (Bankr. E.D.N.Y. 2021) (collecting cases); *Christoforou v. Cadman Plaza N., Inc.*, No. 04 CV 08403(KMW)., 2009 WL 723003, at *5 (S.D.N.Y. Mar. 19, 2009) ("Consent to try claims may be implied when an issue not raised in the pleadings is either addressed in an ongoing way by all parties prior to trial, or is introduced at trial without objection by the opposing party") (collecting cases).  First, "consent may be implied if the claim is somehow introduced outside the complaint-say, by means of a sufficiently pointed interrogatory answer or in a pretrial memorandum-and then treated by the opposing party as having been pleaded, … through his silent acquiescence." *Silverstein*, 522 F. Supp. 2d at 604 (citing *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1172 (1st Cir. 1995) and *Isik Jewelry v. Mars Media, Inc.,* 418 F.Supp.2d 112, 131 (E.D.N.Y. 2005) ("By engaging a theory of liability in a 'pretrial memorandum,' [defendant] impliedly consents to this Court's consideration of [the unpleaded issue].")); *see also In re Leff*, 631 B.R. at 119 ("[I]mplied consent can be found where a claim is introduced outside the complaint and is treated as having been pleaded, either through [the party's] effective engagement of the claim or through his silent acquiescence.") (internal quotation marks and citation omitted).  "However, the overall record must reflect that the opposing party was aware of the claim and that the issues were tried." *Id.* (citations omitted); *see also CIT Bank, N.A. v. Zisman*, No. 17-CV-02126 (CBA) (RER), 2021 WL 3354047, at *6 (E.D.N.Y. Mar. 1, 2021) ("To determine whether the parties implicitly consented to litigating an issue not

6

presented by the pleadings, courts examine whether the parties recognized that the issue had entered the case.") (citing *Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd.*, 780 F.2d 1082, 1089 (2d Cir. 1986)). Second, "consent often may be implied from the opposing party's failure to object to the admission of evidence relevant to the unpleaded issue." *Silverstein*, 522 F. Supp. 2d at 604 (citing *Usery v. Marquette Cement Manufacturing Co.*, 568 F.2d 902, 906 (2d. Cir.)). "However, consent will not be implied from the failure to object to evidence that is relevant to both pleaded and unpleaded issues, unless it was somehow obvious that the party offering the evidence was attempting to raise the unpleaded issue." *Id*. (citation omitted); *accord In re Leff*, 631 B.R. at 119.

"The principal limitation upon finding implied consent under Rule 15(b) is where its recognition would result in substantial prejudice to a party." *In re Leff*, 631 B.R. at 119 (citing *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 569 (2d Cir. 2000)); *see also Silverstein*, 522 F. Supp. 2d at 604 ("The prejudice inquiry is a key question when considering whether to permit Rule 15(b) amendment.") (internal quotations and citation omitted); *DiMare Homestead, Inc. v. Alphas Co. of New York*, 547 F. App'x 68, 70 (2d Cir. 2013) ("Under Fed.R.Civ.P. 15(b), a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice"). "Prejudice does not result simply because the amendment would change the cause of action." *Silverstein*, 522 F. Supp. 2d at 604 (citation omitted). "In determining whether the objecting party would be prejudiced by allowing the amendment, courts must consider whether the failure to plead the claim raised at trial disadvantaged the opponent in presenting its case." *Id.* (citation omitted).

> Relevant to this analysis is whether the unpleaded claim involves the same material facts as the pleaded claims, and whether, in fairness, the objecting party should have had an opportunity to better contest the unpleaded claim by, for example, exploring defenses to it in pre-trial discovery, or by presenting more evidence on it at trial.

*Id.* (citations omitted).

Based on the totality of the circumstances, the Court finds that Plaintiff's wage notice and statement claims were tried by implied consent and that no prejudice would result from amending the Complaint. Here, consent may be implied from the circumstances leading up to the trial, namely,

Plaintiff's exploration of these claims in written discovery and depositions, and the inclusion of these claims in his pre-trial memorandum. Plaintiff's discovery demands expressly requested all notices provided to and signed by Plaintiff pursuant to NYLL § 195(1). (DE 67-6 at 6). Defendants responded that they did not have any responsive documents. (DE 67-7 at 7.) Moreover, Plaintiff questioned Defendant John Parisi and non-party witness Thomas Falzone during their depositions about Plaintiff's receipt of wage notices or statements during his employment. (DE 67-9 at 5-8; DE 67-8 at 4-6.) Most compelling, Plaintiff's pre-trial memorandum expressly raised his wage notice and statement claims, providing that he would be "seek[ing] statutory damages for Defendants' violations of NYLL Sections 195(1) and (3) for their failure to provide Plaintiff with wage notices and wage statements throughout his employment." (DE 58 at 8.) The pre-trial memorandum claims that Plaintiff "was never provided a wage notice at the time he was hired or at any other time thereafter" and that he "was also never provided with wage statements or pay stubs with his pay check each week," (*Id.* at 12), and goes on to devote an entire section of legal authority supporting his entitlement to relief for wage notice and statement violations. (*Id.* at 21-22.)

Because Defendants submitted their pre-trial memorandum after Plaintiff submitted his, they had the opportunity to address the merits of these claims or, alternatively, object to their inclusion in Plaintiff's pre-trial memorandum. However, at no point did Defendants raise an issue with the exploration of these issues during discovery or the introduction of these claims in Plaintiff's pre-trial memorandum. Therefore, Plaintiff's introduction of his wage notice and statement claims during discovery and in his pre-trial memorandum coupled with Defendants' silent acquiescence leads this Court to conclude that the claims were tried by implied consent. *See cf. Stillman v. InService Am., Inc.*, 455 F. App'x 48, 51 (2d Cir. 2012) ("Further, defendants implicitly consented to trial on Stillman's veil-piercing claim by failing to object to the proposed jury charge despite the district court's specific invitation to do so.").

Relying on *Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 WL 1251102, at *11 (E.D.N.Y. Apr. 5, 2017) and *Mack v. No Parking Today, Inc.,* 1:16-CV-3986 (ARR) (CLP), 2019 WL

337096, at *2 (E.D.N.Y. Jan. 28, 2019), Defendants' chief opposition to allowing the amendment is that consent may not be implied from Defendants' failure to object to the introduction of evidence relevant to the claims at trial because they were relevant to pleaded claims. However, because consent may be implied from the circumstances leading up to trial, the Court need not determine whether Defendants' failure to object to the introduction of evidence relevant to unpleaded claims at trial independently supports a finding of implied consent. Even without reaching this issue, the Court notes that Defendants' overall conduct at trial bolsters the finding of implied consent. During opening statements, Defendants' counsel stated: "You will hear about some irregularities and nonconformance with both statutes, there was no Section 195 of the statement given. There was some cash paid. We're not running from that." (DE 63-16 at 6.) The fact that counsel arguably conceded that Defendants violated their wage notice and statement requirements during his opening statement, makes apparent that Defendants were, on some level, on notice and aware that Plaintiff was attempting to raise these claims at trial. *See Christoforou*, 2009 WL 723003, at *6 ("[A] party's failure to object to the raising of an unpled issue can be read as consent only if the issue was raised in a sufficiently clear and unambiguous way") (citing *Luria Bros.,* 780 F.2d at 1089–90 (implied consent first requires "awareness that the issue has been introduced")). Nonetheless, despite this awareness, Defendants did not object to the introduction of any evidence relevant to these claims at trial. (DE 63-16 at 24, 34-35, 166-168, 181-82, 188, 191, 194, 267-68, 280, 283, 285.) Although Defendants' failure to provide wage notices and statements is also relevant to Defendants' willfulness and/or Plaintiff's burden with respect to substantiating his hours and compensation for liability and damages, Defendants' counsel could have stated an objection for the record limiting the introduction of these issues to pleaded claims. Instead, Defendants sat idly by without any attempt to clarify the record. *Id*. Therefore, based on the totality of the circumstances leading up to trial as well as conduct at trial, the Court finds that Plaintiff's wage notice and statement claims were tried by implied consent.

      Moreover, Defendants do not contend, nor does the Court find, any resulting prejudice from the addition of Plaintiff's wage notice and statement claims. The facts and evidence relevant to these claims

overlap with the pleaded claims. Defendants could not be expected to offer new evidence if the case were to be retried and make no argument that they were so disadvantaged.

Accordingly, the Court deems the Complaint to be amended to include claims for wage notice and wage statement violations under NYLL §§ 195(1)(a) and 195(3).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the pleadings is GRANTED, and the Court hereby considers the Complaint to include claims for wage notice and wage statement violations under NYLL §§ 195(1)(a) and 195(3).

        **SO ORDERED:**

Dated: Central Islip, New York
      February 22, 2022

/s/ *James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge