UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERGUN BOZDOGAN,  16-CV-01053 (JMW)

                Plaintiff,

-against-

23 LUDLAM FUEL, INC. JOHN PARISI, and
ANTON PARISI,

                Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Respectfully submitted by,

Justin M. Reilly, Esq.
The NHG Law Group, P.C.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
justin@nhglaw.com

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| PRELIMINARY STATEMENT | | 2 |
| LEGAL ARGUMENT | | 3 |
| A. | Plaintiff is a Prevailing Party | 3 |
| B. | Attorney's Fees Standard | 3 |
| C. | The Reasonable Hourly Rate Should be $450.00 for Justin M. Reilly, Esq. and $300.00 for Keith E. Williams, Esq. | 4 |
| D. | Plaintiff's Counsel Has Maintained Detailed Contemporaneous Time Records | 6 |
| E. | The Hours Expended by Justin M. Reilly and Keith E. Williams Were Not Redundant, Excessive, or Unnecessary | 7 |
| F. | Plaintiff Is Entitled to Reimbursement Of His Costs And Disbursements | 8 |
| CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page**

Akin v. Anjon of Greenlawn, Inc., 12 CV 4286 at D.E. 45
    (E.D.N.Y. Sept. 24, 2015)....................................................................................4

Apolinario v. Luis Angie Deli Grocery Inc., 2015 WL
    4522984 at *4 (S.D.N.Y. July 27, 2015).............................................................8

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty.
    Of Albany, 522 F.3d 182, 183 (2d Cir. 2007)....................................................3

Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S. Dist.
    LEXIS 51697, at *14-15 (S.D.N.Y. 2011).........................................................6

Duran v. K&J Supermarket, Inc., 11 CV 00276 at D.E. 59
    (E.D.N.Y. May 14, 2013).....................................................................................4

Fadaz v. Scoop Mgmt., 2011 WL 2749892 at *1 (S.D.N.Y.
    2011).......................................................................................................................5

Gurung v. Malhotra, 851 F.Supp.2d 583, 597 (S.D.N.Y.
    Mar. 16, 2012)......................................................................................................5

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)............................................................3

Incredible Foods Group, LLC v. Unifoods, S.A. De. C.V.,
    2016 WL 4179943 at *3 (E.D.N.Y. Aug. 5, 2016).............................................5

Konits v. Karahalis, 409 Fed.Appx. 418, 422
    (2d Cir. 2011)........................................................................................................5

Marquez v. Erenler, Inc., 2014 WL 5847441 at *4
    (S.D.N.Y. Nov. 10, 2014)....................................................................................8

Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir.
    2011)..................................................................................................................3, 4

Morano v. Intercontinental Capital Group, Inc., 10 CV
    2192 at D.E. 185 (S.D.N.Y. Jan. 25, 2013).......................................................4

# TABLE OF AUTHORITIES
## (Continued)

**Cases (continued)**  Page

Perdue v. Kenny A., 130 S. Ct. 1662, 1672-73 (2010) .......................................................... 3

Pilitz v. Inc. Village of Freeport, 2011 WL 5825138 at *4
    (E.D.N.Y. Nov. 17, 2011) .............................................................................................. 5

Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d
    Cir. 2006) ..................................................................................................................... 5

Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544 (S.D.N.Y.
    2008) ............................................................................................................................ 5

Small v. New York City Transit Auth., 2014 WL 1236619
    at *5 (E.D.N.Y. Mar. 25, 2014) .................................................................................... 5

Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748
    at *20 (S.D.N.Y. 2010) ...................................................................................... 5, 6, 7, 8

Vilkhu v. City of New York, 2009 WL 1851019 at *4
    (E.D.N.Y. June 26, 2009) ............................................................................................. 5

Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) ............................................................... 2

**Statutes**  Page

29 U.S.C. Section 201 ........................................................................................................... 2

29 U.S.C. Section 216(b) ................................................................................................... 2, 3

NYLL Section 663(1) ............................................................................................................ 2

NYLL section 663(1) ............................................................................................................ 3

## I. PRELIMINARY STATEMENT

Plaintiff, Ergun Bozdogan ("Plaintiff"), commenced this action against Defendants, 23 Ludlam Fuel, Inc., John Parisi, and Anton Parisi, on March 2, 2016 alleging violations of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA") and the New York Labor Law ("NYLL") for failing to pay Plaintiff overtime compensation **(D.E. 1)**. Defendants vigorously defended this action from its inception through trial claiming that Plaintiff was paid for all hours that he worked, including overtime compensation when he worked more than 40 hours a week. By Memorandum Decision And Order, dated September 15, 2022, the Court determined that Plaintiff was owed unpaid overtime wages and was therefore entitled to relief **(D.E. 80)**. Thereafter, on September 16, 2022, the Clerk of the Court entered a judgment in Plaintiff's favor and against Defendants, 23 Ludlam Fuel, Inc. and John Parisi in the sum of $75,233.20 **(D.E. 81)**. Thus, Plaintiff, as a prevailing party, is entitled to a reasonable attorney's fee to be paid by Defendants, 23 Ludlam Fuel, Inc. and John Parisi, as well as the costs of this action. *See* 29 U.S.C. section 216(b); NYLL section 663(1).

In this case, Plaintiff's counsel performed **398.8** hours of work as set forth in great detail in the contemporaneous attorney time records annexed herewith **(Ex. 1)**. These time records include the time spent in preparing this application. *See* Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) [plaintiff is also entitled to the reasonable cost of preparing and defending a fee application]. As set forth in the sworn declaration of Justin M. Reilly, for years, The NHG Law Group, P.C. (formerly Neil H. Greenberg & Associates, P.C.) has used the Amicus Attorney software to maintain contemporaneous records of the time spent by its attorneys on cases. The Amicus Attorney software has always proven to be reliable and accurate in recording the hours that the attorneys of The NHG Law Group, P.C. have worked on matters. In this case, all hours

of work were accurately recorded on Amicus Attorney the same day the work was performed or within one day thereafter. *See* Declaration of Justin M. Reilly, Esq. **(Ex. 2)**. The time entries specifically state the work that was performed, when it was performed, and the amount of time spent performing the work. In addition, Plaintiff's counsel has records showing that it has expended **$6,992.64** in costs and disbursements in this case **(Ex. 3)**. Thus, based upon the foregoing, Plaintiff respectfully submits that he is entitled to a supplemental judgment against Defendants, 23 Ludlam Fuel, Inc. and John Parisi in the amount of **$154,945.14.**

## II.    LEGAL ARGUMENT

### A.    Plaintiff Is A Prevailing Party

29 U.S.C. section 216(b) and NYLL section 663(1) provide that attorneys' fees and costs are mandatory where the plaintiff is a prevailing party. Here, Plaintiff is unequivocally a prevailing party that is entitled to such relief.

### B.    Attorney's Fees Standard

The Second Circuit has stated that the lodestar approach is an appropriate method to determine a reasonable fee. Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany, 522 F.3d 182, 183 (2d Cir. 2007)). The traditional lodestar method calculates fees by multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In Millea v. Metro-North Railroad Co., supra, the Court emphasized that the "lodestar is the guiding light of our fee-shifting jurisprudence, that it is presumptively reasonable, that it includes most, if not all, of the relevant factors in determining a reasonable fee award, and that it should only be deviated from in rare and exceptional circumstances." Id. at 167 (quoting Perdue v. Kenny A., 130 S. Ct. 1662, 1672-73 (2010)).

3

In Millea v. Metro-North Railroad Co., supra, the Court stated that while the "lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." Id. at 166. The Court stated that a district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Id. at 166. But, the Court emphasized that "such adjustments are appropriate only in rare circumstances because the lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." Id. at 167. Additionally, in Millea v. Metro-North Railroad Co., supra, the Court emphasized that the "novelty and complexity of a case generally may not be used as a ground for adjusting the lodestar because they are already included in the lodestar calculation itself, being fully reflected in the number of billable hours recorded by counsel." Id. at 167. Thus, the Court determined that "while a district court may not adjust the lodestar based upon these factors, it may use them to determine the reasonable number of hours the case requires. Id. at 167. Here, it is respectfully requested that the Court use the traditional lodestar method in determining a reasonable fee award for Plaintiff.

### C. The Reasonable Hourly Rate Should Be $450.00 For Justin M. Reilly, Esq. and $300.00 For Keith E. Williams, Esq.

On January 24, 2013, Justin M. Reilly was awarded an hourly rate of $350.00 in the matter of Morano v. Intercontinental Capital Group, Inc., 10 CV 2192 at D.E. 185 (S.D.N.Y. Jan. 25, 2013) (**Ex. 4**). On May 14, 2013, Justin M. Reilly was awarded an hourly rate of $300.00 in the matter of Duran v. K&J Supermarket, Inc., 11 CV 00276 at D.E. 59 (E.D.N.Y. May 14, 2013) (**Ex. 5**). On September 24, 2015, Justin M. Reilly's requested $300.00 hourly rate was determined by the Court in Akin v. Anjon of Greenlawn, Inc., 12 CV 4286 at D.E. 45 (E.D.N.Y. Sept. 24, 2015) to be consistent with the fees charged in the Eastern District of New York (**Ex. 6**). Justin M. Reilly

4

has litigated several hundred cases in the Eastern and Southern Districts of New York. These cases have all alleged violations of the FLSA, the NYLL or Civil Rights claims.

Justin M. Reilly is the managing attorney for The NHG Law Group, P.C. His firm bills him out at $550.00 an hour **(Ex. 7 – redacted retainers)**. *See* Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) [rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered]. *See also* Fadaz v. Scoop Mgmt., 2011 WL 2749892 at *1 (S.D.N.Y. 2011) [in determining reasonable hourly rates, great weight is given to attorney's actual hourly rates]; Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) [actual rates charged to clients is strong evidence of what the market will bear]. Additionally, the range of appropriate fees for experienced civil rights and employment law litigators in the Southern District of New York is between $250.00 and $450.00 an hour. Gurung v. Malhotra, 851 F.Supp.2d 583, 597 (S.D.N.Y. Mar. 16, 2012). Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300.00 to $400.00 an hour. Incredible Foods Group, LLC v. Unifoods, S.A. De. C.V., 2016 WL 4179943 at *3 (E.D.N.Y. Aug. 5, 2016) (citing Konits v. Karahalis, 409 Fed.Appx. 418, 422 (2d Cir. 2011)). Some courts in the Eastern District of New York have recognized slightly higher ranges of $300.00 to $450.00 an hour. *See* Pilitz v. Inc. Village of Freeport, 2011 WL 5825138 at *4 (E.D.N.Y. Nov. 17, 2011); Small v. New York City Transit Auth., 2014 WL 1236619 at *5 (E.D.N.Y. Mar. 25, 2014). See also Tatum v. City of New York, 2010 WL 334975 at *5 (S.D.N.Y. Jan. 28, 2010) (quoting Vilkhu v. City of New York, 2009 WL 1851019 at *4 (E.D.N.Y. June 26, 2009)) [precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time].

Here, the sworn Declaration of Justin M. Reilly (**Ex. 2**) details his vast experience in litigating employment law matters since 1999. Thus, based upon the record as set forth herein, it is respectfully requested that the Court raise Justin M. Reilly's hourly rate from $300.00 to $450.00 an hour, and award Keith E. Williams an hourly rate of $300.00[1].

### D. Plaintiffs' Counsel Has Maintained Detailed Contemporaneous Time Records

Applications for fee awards should generally be documented by contemporaneously created time records that specify for each attorney the date, the hours expended, and the nature of the work done. Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S. Dist. LEXIS 51697, at *14-15 (S.D.N.Y. 2011). Counsel is not required to record in great detail how each minute of his time was expended, but should at a minimum identify the general subject matter of his time expenditures. Id. at *15. In deciding an attorney fee motion, the court must look at both the contemporaneous time records that specify for each attorney the date, hours expended, and nature of the work done as well as its own familiarity with the case and its experience generally. Tatum v. City of New York, 2010 U.S. Dist. LEXIS 7748 at *20 (S.D.N.Y. 2010).

Here, Plaintiff's counsel has maintained detailed contemporaneous records of the time spent in prosecuting this action (**Ex 1**). In this case, all hours of work were accurately recorded on Amicus Attorney the same day that the attorneys performed the work or within 1 day thereafter. The time entries specifically state the work that was performed, who performed the work, when it was performed, and the amount of time spent performing the work. The time entries are complete, sufficiently concrete, and not vague. Indeed, the time entries sufficiently document the hours claimed and are sufficiently detailed.

---

[1] Keith E. Williams has been an attorney with The NHG Law Group, P.C. for 6 ½ years. During this time, he has litigated over 200 cases in the Eastern and Southern District of New York. He has also litigated numerous state court actions and arbitrations involving wage and hour claims. The NHG Law Group, P.C. bills Mr. Williams at $450.00 an hour.

6

When considering the sufficiency of counsel's time entries, the court is not required to assess each entry in isolation; rather, it may use its knowledge of the case and the demands that the issues posed by the case placed on the attorneys to judge whether counsel were wasting significant amounts of time or otherwise performing with less than reasonable efficiency. Tatum v. City of New York, supra at *24. Here, Keith E. Williams did all paper discovery, performed legal research, and prepared all pre-trial and post-trial submissions. Justin M. Reilly defended Plaintiff's deposition, took the depositions of Defendants' witnesses, prepared the Joint Pretrial Order, and conducted the trial.

### E. The Hours Expended By Justin M. Reilly And Keith E. Williams Were Not Redundant, Excessive, or Unnecessary

Justin M. Reilly billed **201** hours preparing and filing the summons and complaint, attending court conferences, defending Plaintiff's depositions, taking several depositions of Defendants' witnesses, preparing a Joint Pretrial Order, preparing for trial, and conducting the trial. As a result of this work, Plaintiff was awarded a judgment against Defendants, 23 Ludlam Fuel, Inc. and John Parisi in excess of $75,000.00 in a single plaintiff FLSA case. Keith E. Williams billed **197.8** hours conducting paper discovery, doing legal research, and preparing all pre-trial and post-trial submissions. As a result of this work, Plaintiff was awarded a judgment against Defendant in excess of $75,000.00 in a single plaintiff FLSA case.

The hours billed by Justin M. Reilly and Keith E. Williams do not overlap and are not redundant. The hours billed are also not excessive or unnecessary, but instead consist of time reasonably spent by attorneys who took a case from inception through trial. There was no time billed for attorney meetings or phone calls. Keith E. Williams was intentionally assigned tasks due to his lower hourly rate. Each attorney performed separate tasks and no attorney billed to review the work of one another. Keith E. Williams appeared as second chair during the trial because he

7

was assigned with the task of preparing all post-trial submissions. Clearly, given the vigorous approach taken by Defendants in defending this case from inception through trial, Plaintiff's counsel's proposed hours should be deemed reasonable by the court.

The total amount sought by Justin M. Reilly's work is as follows: **193.5 hours x $450.00 = $87,075.00 and 7.5 hours x $225.00 (travel time at the half time rate) = $1,687.50** for a total of **$88,762.50.**

The total amount sought by Keith E. Williams' work is as follows: **$300.00 x 196.8 hours = $59,040.00 and 1 hour x $150.00 (commute time billed at half the hourly rate) = $150.00** for a total of **$59,190.00.**

### F. Plaintiff Is Entitled To Reimbursement Of His Costs And Disbursements

A prevailing party is entitled to compensation for those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. Tatum v. City of New York, supra at *40-45. The total amount expended as disbursements and costs from the case inception through the filing of this motion is **$6,992.64 (Ex. 3)**. The disbursements and costs consist of filing fees, process server fees, transcript fees, and deposition fees. These costs are all reasonable. *See* Apolinario v. Luis Angie Deli Grocery Inc., 2015 WL 4522984 at *4 (S.D.N.Y. July 27, 2015); see also Marquez v. Erenler, Inc., 2014 WL 5847441 at *4 (S.D.N.Y. Nov. 10, 2014). Plaintiff has filed his Notice of Taxation of Costs with the Court **(D.E. 82 and Ex. 3)**. Plaintiff respectfully requests that if the Clerk does not award Plaintiff any portion of his taxable costs, that the Court should issue an Order directing the reimbursement of same plus interest.

## III. CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court issue a supplemental judgment against Defendants, 23 Ludlam Fuel, Inc. and John Parisi and in favor of Plaintiff in the amount of **$154,945.14**.

Dated: Massapequa, New York
      September 30, 2022