UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERGUN BOZDOGAN,                                              16-CV-01053 (JMW)

                          Plaintiff,

        -against-

23 LUDLAM FUEL, INC. JOHN PARISI, and
ANTON PARISI,

                          Defendants.
-----------------------------------------------------------------X

## DECLARATION OF JUSTIN M. REILLY, ESQ.

I, Justin M. Reilly, Esq., hereby declare under the penalty of perjury pursuant to 28 U.S.C. section 1746 that the following is true and correct:

1. I am over the age of 21, competent to testify, and if called to testify would do so consistent with all matters set forth herein.

2. I was admitted to practice law in the State of New York in 2000.

3. I am admitted to practice law before the United States District Courts for the Eastern District of New York (E.D.N.Y.) and Southern District of New York (S.D.N.Y.).

4. I am the managing attorney for The NHG Law Group, P.C. (formerly Neil H. Greenberg & Associates, P.C.) and have worked for this firm since 1999.

5. I have substantial experience litigating employment law matters including FLSA cases, NYLL cases, Title VII cases, FMLA cases, ADA cases, ADEA cases, NYSHRL cases, and NYCHRL cases. I have represented both employees and employers in actions involving these types of claims.

6. I have tried cases in both Federal and State Courts.

7. On January 24, 2013, Honorable Katherine B. Forrest awarded me an hourly rate of

$350.00 in a FLSA/NYLL matter styled Morano v. Intercontinental Capital Group, Inc., 10 CV 2192, D.E. 185.

8. On May 14, 2013, Magistrate Judge Steven M. Gold awarded me an hourly rate of $300.00 in a FLSA/NYLL matter styled Duran v. K&J Supermarket, Inc., 11 CV 276, D.E. 59.

9. On September 24, 2015, Honorable Leonard D. Wexler approved my requested hourly rate of $300.00 in a FLSA/NYLL matter styled Akin v. Anjon of Greenlawn, Inc., 12 CV 4286, D.E. 45.

10. I have litigated several hundred FLSA/NYLL and/or Civil Rights cases in the E.D.N.Y. and S.D.N.Y., including conducting trials. I have also litigated numerous employment law cases in state courts and at arbitrations, including conducting trials.

11. My firm bills me at $550.00 an hour. I have and continue to litigate cases in the E.D.N.Y. on behalf of employers where my firm has charged our clients $550.00 an hour for my services. I respectfully request that my current $300.00 rate be increased to $450.00 an hour. Additionally, I have been using the same hourly rate of $300.00 in FLSA/NYLL cases in the E.D.N.Y. for close to a decade.

12. In this case, my participation included drafting and filing the summons and complaint, appearing at court conferences and a settlement conference, defending the Plaintiff at his depositions, taking the depositions of Defendants' witnesses, preparing the Joint Pretrial Order, preparing for trial, conducting the trial, and preparing this application for fees and costs.

13. For the work that I performed in this case over the past 6 ½ years, I billed a total of 201 hours. 7.5 of these hours were for travel time and were billed at half my hourly rate. For this work, I am seeking attorney's fees as follows: **$450.00 x 193.5 hours = $87,075.00** and **7.5 x $225.00 = $1,687.50** for a total of **$88,762.50**.

14. All the hours that I worked on this case were accurately recorded by the firm's Amicus Attorney software. For years, The NHG Law Group, P.C. has used the Amicus Attorney software to maintain contemporaneous records of the time spent by the firm's lawyers. The Amicus Attorney software has always proven to be reliable and accurate in recording the hours that the firm's lawyers have worked. In this case, I accurately recorded my time on Amicus Attorney the same day that I performed the work or within a day thereafter. The time entries that I put in specifically state the work that I performed, when it was performed, and the amount of time spent performing the work. I respectfully submit that none of the billed hours are redundant, excessive, or unnecessary. The amount of time spent for trial preparation allowed me to present the evidence in an efficient and expeditious manner, which resulted in a judgment in favor of the Plaintiff.

15. Further, there is no time billed for phone calls or attorney meetings. Each attorney that performed work on this case had specific instructions. I did the depositions, court appearances, settlement conference, the trial prep, and the trial. Keith E. Williams, Esq.[1] did all paper discovery, legal research, and all pre-trial and post-trial submissions. Mr. Williams sat for the first day of the trial so that he could observe the trial testimony and the expressions of the witnesses and the Court so that he could begin the post-trial submission process.

16. For the work that Mr. Williams performed in this case over the past 6 years, he billed

---

[1] Keith E. Williams, Esq. is admitted to practice law in the states of New York (since 2015) and California (since 2014), including the Eastern and Southern Districts of New York, the Central and Southern Districts of California, and the Second and Ninth Circuit Courts of Appeal. He has been employed at The NHG Law Group, P.C. for over six years and, during this time, has litigated over 200 wage and hour cases in the Eastern and Southern Districts of New York, and countless more in the Supreme Courts of the State New York and at arbitrations. The NHG Law Group, P.C. is requesting an hourly rate of $300.00 for Keith E. Williams, Esq.

a total of **197.8** hours. **1** of these hours was for travel time and was billed at half his hourly rate. For this work, Mr. Williams is seeking attorney's fees as follows: **$300.00 x 196.8 hours = $59,040.00** and **1 x $150.00 = $150.00** for a total of **$59,190.00**.

17. All the hours that Mr. Williams worked on this case were accurately recorded by the firm's Amicus Attorney software either the day that Mr. Williams performed the work or within a day thereafter. I have reviewed Mr. Williams' time entries which specifically state the work that he performed, when it was performed, and the amount of time spent performing the work. I respectfully submit that none of the hours billed by Mr. Williams are redundant, excessive, or unnecessary. The amount of time spent by Mr. Williams working on this case proved to be highly valuable and ultimately helped in obtaining a judgment in Plaintiff's favor.

18. In total, The NHG Law Group, P.C. is requesting a supplemental judgment for attorney's fees in the amount of **$147,952.50** and costs amounting to **$6,992.64** for a total amount of **$154,945.14**.

Dated: Massapequa, New York
September 30, 2022

JUSTIN M. REILLY, ESQ.