**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ERGUN BOZDOGAN,

                              Plaintiff,

        -against-

23 LUDLAM FUEL, INC., JOHN PARISI,
and ANTON PARISI,

                              Defendants.
-------------------------------------------------------X

                                        **16-cv-01053 (JMW)**

                                    **NOTICE OF TAXATION**
                                        **OF COSTS**

        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil

Procedure 54(d)(1), and Local Civil Rule 54.1 of the Local Rules for the Southern and Eastern

Districts of New York ("Local Civil Rule 54.1"), and upon the annexed Declaration of Keith E.

Williams, Esq. dated September 28, 2022 ("Wms. Decl.") and Exhibits 1 through 7 annexed

thereto, Plaintiff, ERGUN BOZDOGAN, by and through his attorneys, THE NHG LAW GROUP,

P.C., will present the Bill of Costs annexed as Exhibit 1 to the Wms. Decl. to the Clerk of the

Court, United States District Court, Eastern District of New York, at its Office in the Central Islip

Courthouse located at 100 Federal Court Plaza, Central Islip, New York 11722, on the 17th day of

October 2022, and request that the Clerk award Plaintiff his taxable costs in the amount of

$6,992.64 and include said amount of taxable costs in the Judgment, in favor of Plaintiff and

against Defendants, jointly and severally.

**Continued on next page.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 54.1(b), any party objecting to any cost item must serve objections by Electronic Case Filing prior to the aforementioned date and time scheduled for the taxation.

Dated: Massapequa, New York
      September 28, 2022

                    THE NHG LAW GROUP, P.C.

                    By: Keith E. Williams, Esq.
                    *Attorneys for Plaintiffs*
                    4242 Merrick Road
                    Massapequa, New York 11758
                    Tel: 516.228.5100
                    keith@nhglaw.com

To:     Jeffrey H. Weinberger, Esq.
         Steven Cohn, P.C.
         *Attorneys for the Defendants*
         One Old Country Road, Suite 420
         Carle Place, NY 11514
         Jweinberger@scohnlaw.com
         Tel: 516.294.6410

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

ERGUN BOZDOGAN,                                      16-cv-01053 (JMW)

                    Plaintiff,                    DECLARATION OF KEITH E.
                                                    WILLIAMS, ESQ.

       -against-

23 LUDLAM FUEL, INC., JOHN PARISI,
and ANTON PARISI,

                    Defendants.
------------------------------------------------------X

       I, Keith E. Williams, Esq., hereby declare under the penalty of perjury pursuant to 28

U.S.C. § 1746 that the following is true and correct:

       1.      I am an associate with The NHG Law Group, P.C., attorneys for Plaintiff, ERGUN

BOZDOGAN ("Plaintiff"), in the above-captioned action. I make this Declaration based on my

personal knowledge acquired in my capacity as Plaintiff's counsel and a review of my firm's

business records.

       2.      I make this Declaration in support of Plaintiff's request for the Taxation of Costs

submitted herewith to the Clerk of the Court pursuant to 28 U.S.C. § 1920, Federal Rule of Civil

Procedure 54(d), and Local Civil Rule 54.1 of the Local Rules for the Southern and Eastern

Districts of New York ("Local Civil Rule 54.1").

       3.      Plaintiff seeks to recover his taxable costs in the total amount of $6,992.64 as set

forth in the Bill of Costs annexed hereto as **Exhibit 1**. Each item of cost listed and claimed in the

Bill of Costs, identified in this Declaration, and itemized and documented in the supporting

Exhibits annexed hereto is allowable by law, is correctly stated, and has been necessarily incurred

in the case. In addition, the services for which fees have been charged were actually and necessarily

performed.

4.      Annexed hereto as **Exhibit 2** is a true and accurate copy of the Notice of Electronic Filing generated by the Court which identifies a fee of the Clerk in the amount of $400.00 associated with the filing of Plaintiff's Complaint in this action and the receipt number proving payment thereof. This reasonable and actual fee of the Clerk is a taxable cost pursuant to Local Civil Rule 54.1(c)(10). This cost is included on the Bill of Costs as "Fees of the Court."

5.      Annexed collectively hereto as **Exhibit 3** are true and accurate copies of Invoices in the total amount of $375.00 from PM Legal and Prompt Process LI, Inc., of which (i) $225.00 were process server fees for service of the Summons and Complaint upon 23 Ludlam Fuel, Inc. ($95.00), John Parisi ($65.00), and Anton Parisi ($65.00); (ii) $150.00 were process server fees for service of trial subpoenas upon John Parisi ($50.00), Jacalyn Parisi ($50.00), and Thomas Falzone ($50.00). These reasonable and actual fees of the process server are taxable costs pursuant to Local Civil Rule 54.1(c)(10). These costs associated with the process server fees are included on the Bill of Costs as "Fees for service of summons and subpoena."

6.      Annexed collectively hereto as **Exhibit 4** are true and accurate copies of invoices in the total amount of $4,481.64 in costs for the trial transcripts and the deposition transcripts of John Parisi, Jacalyn Parisi, Thomas Falzone, and Plaintiff that were necessarily obtained for use in this case and proof of payment thereof. The trial transcripts were used in this case for Plaintiff's post-trial briefs and are therefore the costs for the trial transcripts are taxable pursuant to Local Civil Rule 54.1(c)(1). The depositions of each of these witnesses were used in trial of this matter and thus the costs for these depositions are taxable pursuant to Local Civil Rule 54.1(c)(2). The costs itemized in Exhibit 4 are included on the Bill of Costs within the category of "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

7.      Annexed collectively hereto as **Exhibit 5** are true and accurate copies of invoices in the total amount of $1,736.00 in costs for interpreter services at the trial of this matter. An interpreter was necessary for Plaintiff to testify at trial and therefore the costs for the interpreter services are taxable pursuant to Local Civil Rule 54.1(c)(4).

8.      Annexed hereto as **Exhibit 6** is a true and accurate copy of the Memorandum Decision and Order of Honorable Judge James M. Wicks, U.S.M.J., dated and entered on the docket on September 15, 2022 (ECF Docket Entry No. 80), finding in favor of Plaintiff and against Defendants, and awarding Plaintiff $56,194.22 plus pre-judgment interest. This Order also granted Plaintiff's request to make a motion for attorneys' fees, costs, and disbursements.

9.      Annexed hereto as **Exhibit 7** is a true and accurate copy of the Clerk's Judgment, dated and entered on the docket on September 16, 2022 (ECF Docket Entry No. 81), in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $75,233.20, plus post-judgment interest.

Dated: Massapequa, New York
       September 28, 2022

Keith E. Williams, Esq.
THE NHG LAW GROUP, P.C.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

3

# EXHIBIT 1

AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Ergun Bozdogan | ) |
| | ) |
| v. | ) Case No.: 16-cv-01053 (JMW) |
| 23 Ludlam Fuel, Inc., John Parisi, and | ) |
| Anton Parisi | ) |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___09/16/2022___ against ___Defendants___ ,
                                                                *Date*
the Clerk is requested to tax the following as costs:

| | | |
|---|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 400.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 375.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | | 4,481.64 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | | 1,736.00 |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| | TOTAL $ | 6,992.64 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

    I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

    ☑ Electronic service        ☐ First class mail, postage prepaid

    ☐ Other:

    s/ Attorney:

        Name of Attorney: Keith E. Williams, Esq.

For:                     Ergun Bozdogan                Date:    09/28/2022
                    *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of                         and included in the judgment.

                             By:

     *Clerk of Court*                          *Deputy Clerk*                     *Date*

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

# EXHIBIT 2

# ITEMIZATION OF COSTS

## FEES OF THE CLERK

| Reasonable and Actual Fees of the Clerk | Cost/Amount Paid |
|---|---|
| Complaint Filing Fee | $400.00 |
| Total | $400.00 |

Catalina

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Wednesday, March 02, 2016 7:04 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 2:16-cv-01053 Bozdogan v. 23 Ludlam Fuel, Inc. et al Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered by Greenberg, Neil on 3/2/2016 at 7:04 PM EST and filed on 3/2/2016

| | |
|---|---|
| **Case Name:** | Bozdogan v. 23 Ludlam Fuel, Inc. et al |
| **Case Number:** | 2:16-cv-01053 |
| **Filer:** | Ergun Bozdogan |
| **Document Number:** 1 | |
| **Judge(s) Assigned:** | The Court will contact you shortly on the Judge Assignment. |

**Docket Text:**
COMPLAINT against All Defendants filing fee $ 400, receipt number 0207-8424573 Was the Disclosure Statement on Civil Cover Sheet completed -Yes,, filed by Ergun Bozdogan. (Attachments: # (1) Civil Cover Sheet) (Greenberg, Neil)

2:16-cv-01053 Notice has been electronically mailed to:

Neil H. Greenberg    ngreenberg@nhglaw.com, nhglaw@nhglaw.com

2:16-cv-01053 Notice will not be electronically mailed to:

1

# EXHIBIT 3

# ITEMIZATION OF COSTS

## FEES FOR SERVICE OF SUMMONS

| Service Fees | Cost/Amount Paid |
|---|---|
| 23 Ludlam Fuel, Inc. | $95.00 |
| John Parisi | $65.00 |
| Anton Parisi | $65.00 |
| **Total** | **$225.00** |

## FEES FOR SERVICE OF SUBPOENA

| Service Fees | Cost/Amount Paid |
|---|---|
| John Parisi | $50.00 |
| Jacalyn Parisi | $50.00 |
| Thomas Falzone | $50.00 |
| **Total** | **$150.00** |

PM Legal- 2043671-DCA
162-01 Powells Cove Blvd
Beechhurst, NY 11357
Phone: (718) 672-1117
Fax: (718) 672-1139
13-3970350

**BATCH INVOICE**

Invoice #MLR-2016008938
3/10/2017

Original Date: 3/25/2016



Neil H. Greenberg & Associates, PC
4242 Merrick Road
Massapequa, NY 11758

Your Contact: Catalina Roman

Case Number: Eastern District of New York 16-CV-01053
Ergun Bozdogan
vs
23 Ludlam Fuel, Inc., John Parisi, and Anton Parisi

## ITEMIZED LISTING

| Job | Date Served | Servee | Quantity | Price | Amount | Amount Due |
|-----|-------------|--------|----------|-------|--------|------------|
| 2016008938 | 3/8/2016 | 23 Ludlam Fuel, Inc. | | | | $0.00 |
| | Secretary of State Service | | 1.00 | 55.00 | 55.00 | |
| | Secretary of State Filing Fee | | 1.00 | 40.00 | 40.00 | |
| | 9/9/2016 | Check #8644 Final Payment | | | 95.00 | |
| 2016008939 | 3/16/2016 | John Parisi | | | | $0.00 |
| | Nassau serve | | 1.00 | 65.00 | 65.00 | |
| | 9/9/2016 | Check #8644 Final Payment | | | 65.00 | |
| 2016008940 | 3/16/2016 | Anton Parisi | | | | $0.00 |
| | Nassau serve | | 1.00 | 65.00 | 65.00 | |
| | 9/9/2016 | Check #8644 Final Payment | | | 65.00 | |
| | | **TOTAL CHARGED:** | | | **$225.00** | |
| | | **TOTAL AMOUNT DUE** | | | | **$0.00** |

Please enclose a copy of this invoice with your payment.

Copyright © 1982-2017 Database Services, Inc. - Process Server's Toolbox V7.1s

**Prompt Process LI INC.**
150 Veterans Memorial Hwy #1076
**Commack, NY 11725**
Phone: 631-760-7900
Email: info@promptprocess.com
www.promptprocess.com

**Statement Date**
09/16/2022

## BILLING STATEMENT

THE NHG LAW GROUP, P.C.
4242 MERRICK ROAD
MASSAPEQUA, NY 11758

| Invoice # | Invoice Date | Job # | Servee | | Amount | | Status |
|-----------|--------------|-------|--------|---|--------|---|--------|
| 1700412 | 11/6/2018 | 1700412 | **JACALYN PARISI** | | | $0.00 | Current Served 11/6/2018 |
| ERGUN BOZDOGAN | | | | | | | |
| 23 LUDLAM FUEL, INC., JOHN PARISI, and ANTON PARISI | | | | | | | |
| Civil Number 16cv1053 (AKT) | | | | | | | |
| Subpoena | | | | 1 | $50.00 | $50.00 | |
| 12/6/2018 | | Payment Check # | 1244 | | | $-50.00 | |
| 1700411 | 11/6/2018 | 1700411 | **JOHN PARISI** | | | $0.00 | Current Served 11/6/2018 |
| ERGUN BOZDOGAN | | | | | | | |
| 23 LUDLAM FUEL, INC., JOHN PARISI, and ANTON PARISI | | | | | | | |
| Civil Number 16cv1053 (AKT) | | | | | | | |
| Subpoena | | | | 1 | $50.00 | $50.00 | |
| 12/6/2018 | | Payment Check # | 1244 | | | $-50.00 | |
| 1700410 | 11/6/2018 | 1700410 | **THOMAS FALZONE** | | | $0.00 | Current Served 11/6/2018 |
| ERGUN BOZDOGAN | | | | | | | |
| 23 LUDLAM FUEL, INC., JOHN PARISI, and ANTON PARISI | | | | | | | |
| Civil Number 16cv1053 (AKT) | | | | | | | |
| Subpoena | | | | 1 | $50.00 | $50.00 | |
| 12/6/2018 | | Payment Check # | 1244 | | | $-50.00 | |

**YOUR RETURN ADDRESS:**

THE NHG LAW GROUP, P.C.
4242 MERRICK ROAD
MASSAPEQUA, NY 11758

| | |
|---|---|
| Current: $0.00 | **TOTAL DUE$** $0.00 |
| Past 30: $0.00 | |
| Past 60: $0.00 | **AMOUNT ENCLOSED$** |
| Past 90: $0.00 | |

**Statement Date**
09/16/2022

**MAIL PAYMENT TO:**

Prompt Process LI INC.
150 Veterans Memorial Hwy #1076
Commack, NY 11725

**MAKE CHECKS PAYABLE TO & REMIT TO:**

Prompt Process LI INC.

Prompt Process LI INC.
150 Veterans Memorial Hwy #1076, Commack, NY 11725

Statement Date
09/16/2022

| Invoice # | Invoice Date | Job # | Serves | Amount | Status |
|-----------|--------------|-------|--------|--------|--------|
| | | | | | |

| | | |
|---|---|---|
| **TOTAL CHARGES:** | | **$150.00** |
| **TOTAL PAYMENTS:** | | **$150.00** |
| **TOTAL AMOUNT DUE:** | | **$0.00** |

# EXHIBIT 4

# ITEMIZATION OF COSTS

## FEES FOR TRIAL TRANSCRIPTS

| Trial Transcripts/Court Reporter Services | Cost/Amount Paid |
|---|---|
| Trial Days 1-2 | $1,453.22 |
| Trial Day 3 | $293.76 |
| **Total** | **$1,746.98** |

## FEES FOR DEPOSITION TRANSCRIPTS

| Deposition Costs/Court Reporter Services | Cost/Amount Paid |
|---|---|
| Thomas Falzone, December 14, 2016 | $663.20 |
| John Parisi, January 18, 2017 | $950.25 |
| Jacalyn Parisi, January 27, 2017 | $586.25 |
| Jacalyn Parisi, continued March 10, 2017 | $196.75 |
| Ergun Bozdogan, continued March 23, 2018 | $338.11 |
| **Total** | **$3,377.00** |

1

1   From:

2                        PJL REPORTING, INC.
                         Official Court Reporter
3                        U.S. District Court - E.D.N.Y.
                         100 Federal Plaza
4                        Central Islip, New York 11722

5                        TAX I.D. No. 11-3544400

6
                                        February 14, 2019
7
    ----------------------------------------------------------
8                        I N V O I C E
                    For Transcription Service
9   ----------------------------------------------------------
                    Payment due pursuant to Local Rule 1.7(b)
10  ----------------------------------------------------------

11
    To:      Justin Reilly, Esq.
12           For Plff Bozdogan

13

14  Re:      Bozdogan v 23 Ludlam Fuel
             CV-16-1053
15
    Held on: January 23-24, 2019
16
    Before:  Hon. A. Kathleen Tomlinson
17

18           367 Transcript Pages @ $3.96
             (Includes PDF and ASCII emails and Word Index)
19

20                           Total Due:  $1,453.32

21

22  **************************************************************
    Rule 1.7(b) of the Local Rules of the United States District
23  Courts for the Southern and Eastern Districts of New York:
         "Every attorney appearing in any proceeding who orders a
24  transcript of any trial, hearing, or any other proceeding, is
    obligated to pay the cost thereof to the court reporters of
25  the court upon rendition of the invoice...."

```
                                                                      1

 1   From:

 2                        PJL REPORTING, INC.
                         Official Court Reporter
 3                       U.S. District Court - E.D.N.Y.
                         100 Federal Plaza
 4                       Central Islip, New York 11722

 5                       TAX I.D. No. 11-3544400

 6
                                            January 20, 2022
 7
     ----------------------------------------------------------
 8                        I N V O I C E
                       For Transcription Service
 9   ----------------------------------------------------------
                   Payment due pursuant to Local Rule 1.7(b)
10   ----------------------------------------------------------

11
     To:       Justin Reilly, Esq.
12             For Plff Bozdogan

13

14   Re:       Bozdogan v 23 Ludlam Fuel
               CV-16-1053
15
     Held on:  January 19, 2022
16
     Before:   Hon. James W. Wicks
17

18             64 Transcript Pages @ $4.59
               (Includes PDF email and Word Index)
19

20                             Total Due:   $293.76

21

22   ***********************************************************
     Rule 1.7(b) of the Local Rules of the United States District
23   Courts for the Southern and Eastern Districts of New York:
           "Every attorney appearing in any proceeding who orders a
24   transcript of any trial, hearing, or any other proceeding, is
     obligated to pay the cost thereof to the court reporters of
25   the court upon rendition of the invoice...."
```

Paul J. Lombardi, RMR, CRR
Official US District Court Reporter

BEE REPORTING AGENCY, INC.
55 MAPLE AVENUE, SUITE 204
ROCKVILLE CENTRE, NEW YORK 11570
212-327-3500 , 516-485-2222
11-3283315
www.beereporting.com    billing@beereporting.com

03/09/17 - Statement of Account                                    Page:   1

NEIL H. GREENBERG & ASSOCIATES
4242 MERRICK ROAD
MASSAPEQUA, NEW YORK 11758

| Invoice# Attn/Caption | Billed | Payment | Thirty | Sixty | Ninety |
|---|---|---|---|---|---|

17-1067  JUSTIN REILLY, ESQ.   01/06/17          563.20
12/14/16 - BOERDOM VS 21 DUDDAM FUEL
        RPTR: DEBORAH THIER

17-1620  JUSTIN REILLY, ESQ.   02/20/17          560.25 ✓
01/18/17 - BOERDOM VS 21 DUDDAM FUEL
        RPTR: DEBORAH THIER

***  Statement Total   --->

BEER REPORTING AGENCY, INC.
55 MAPLE AVENUE, SUITE 204
ROCKVILLE CENTRE, NEW YORK 11570
212-327-3500    516-485-2222
11-3293515
www.besreporting.com        billing@beerreporting.com

07/08/17 - Statement of Account                                            Page:    1

NEIL R. GREENBERG & ASSOCIATES
1242 MERRICK ROAD
MASSAPEQUA, NEW YORK 11758

| Invoice# Attn/Caption | Billed | Current | Thirty+ | Sixty+ | Ninety+ |
|---|---|---|---|---|---|
| 17-1422   JUSTIN REILLY, ESQ.    02/03/17 | | | | | 985.25 |
| 01/27/17 - BORDOGAN VS 23 LUDLAM FUEL | | | | | |
| RPTR: ASHY FRANCIS | | | | | |
| 17-2054   JUSTIN REILLY, ESQ.    03/15/17 | | | | | 190.75 |
| 03/10/17 - BORDOGAN VS 23 LUDLAM FUEL | | | | | |
| RPTR: SOHANNA AFREA | | | | | |

**Veritext, LLC**
**New York Region**

330 Old Country Rd., Suite 300
Mineola NY 11501
Tel. (516) 608-2400



Bill To: Neil H. Greenberg & Associates
4242 Merrick Road
Massapequa NY 11758

Remit To: Veritext
P.O. Box 71303
Chicago IL 60694-1303

## Statement of Account

For questions regarding this statement please contact Tim McGeown at 516-608-2405 or TMcGeown@veritext.com

| Statement Date: 11/2/2018 | | | | | Total Balance Due: | | | $338.11 |
|---|---|---|---|---|---|---|---|---|
| Invoice # | Invoice Date | Job # | Job Date | Caption | Contact | Type | Aged | Balance Due |
| NY3529846 | 10/30/2018 | 3069070 | 10/23/2018 | Bozdogan v 23 Ludman Ave | Justin Reilly Esq. | C | 3 | $338.11 |
| | | | | | | | Total: | $338.11 |

| Current | 31-60 Days | 61-90 Days | > 90 Days | Total |
|---|---|---|---|---|
| $338.11 | $0.00 | $0.00 | $0.00 | $338.11 |

Please Remit Payment To:          Veritext
P.O. Box 71303
Chicago IL 60694-1303          Page 1 of 1

Fed. Tax ID: 20-3132569                    Visa, Mastercard & American Express Accepted

# EXHIBIT 5

# ITEMIZATION OF COSTS

## FEES FOR INTERPRETERS

| Interpreter Services | Cost/Amount Paid |
| --- | --- |
| Trial Day 1 | $930.00 |
| Trial Day 2 | $806.00 |
| **Total** | **$1,736.00** |


**elber translations, inc.**
*TRANSLATORS & INTERPRETERS*

3333 New Hyde Park Road - Suite 414
New Hyde Park, NY 11042
Tel: (516) 488-1111
Fax: (516) 488-2390
billing@elbertranslations.com
www.elbertranslations.com

**PAID INVOICE 02/06/2019**

| Bill To : | | Invoice No. : | 19/80857 |
|---|---|---|---|
| Neil H. Greenberg & Associates<br>4242 Merrick Road<br>Massapequa, NY 11758<br>Attn.: Accounts Payable | | Invoice Date : | 2/8/2019 |
| | | Job Date: | 1/23/2019 |

| Item | DESCRIPTION | Amount |
|---|---|---|
| Language - | Turkish | 930.00 |
| Held at - | EDNY, 100 Federal Plaza, Central Islip, NY | |
| Appearances- | Neil H. Greenberg, Esq. | |
| In the matter entitled - | Ergun Bozdogan v. 23 Ludlam Fuel Inc., John Parisi and Anton Parisi | |
| Witness | Ergun Bozdogan | |
| Billing Data - | 9:30 AM to 3:30 PM<br><br>Six (6) Hours @ $124.00 Per Hour<br>1.5 Hours Travel to Suffolk County | |

**Terms:  NET 30 DAYS**

**Total**   **$930.00**

*Please detach and return with payment*

Please remit payment to:
Elber Translations, Inc.
3333 New Hyde Park Road - Suite 414
New Hyde Park, NY 11042

| Invoice # | 19/80857 |
|---|---|
| Job Date | 1/23/2019 |
| Invoice Date | 2/8/2019 |

**Total**   **$930.00**

Tax ID No.: 20-5015354



**elber translations, inc.**

TRANSLATORS & INTERPRETERS

66 Powerhouse Road, Suite 403
Roslyn Heights, New York 11577
516.496.1111
Fax: 516.496.2290
billing@elbertranslations.com

# INVOICE

| | |
|---|---|
| Invoice No. : | 19/80858 |
| Invoice Date : | 2/8/2019 |
| Job Date: | 1/24/2019 |

**Bill To :**

Neil H. Greenberg & Associates
4242 Merrick Road
Massapequa, NY 11758
Attn.: Accounts Payable

| Item | DESCRIPTION | Amount |
|---|---|---|
| Language – | Turkish | 806.00 |
| Held at – | EDNY, 100 Federal Plaza, Central Islip, NY | |
| Appearances– | Neil H. Greenberg, Esq. | |
| In the matter entitled – | Ergun Bozdogan v. 23 Ludlam Fuel Inc., John Parisi and Anton Parisi | |
| Witness | Ergun Bozdogan | |
| Billing Data – | 9:30 AM to 2:30 PM | |
| | Five (5) Hours @ $124.00 Per Hour | |
| | 1.5 Hours Travel to Suffolk County | |

| Terms:  NET 30 DAYS | Total | $806.00 |
|---|---|---|

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERGUN BOZDOGAN,

                Plaintiff,

          -against-

23 LUDLAM FUEL, INC., JOHN PARISI, and
ANTON PARISI,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

16-CV-1053 (JMW)

**A P P E A R A N C E S:**

Keith E. Williams, Esq.
Justin M. Reilly, Esq.
**Neil H. Greenberg & Associates, P.C.**
4242 Merrick Rd
Massapequa, NY 11758
*Attorney for Plaintiff*

Jeffrey H. Weinberger, Esq.
**Law Office of Steven Cohn, P.C.**
1 Old County Rd, St 420
Carle Place, NY 11514
*Attorney for Defendants*

**WICKS**, Magistrate Judge:

       Working as an attendant in a gas station has its challenges.[1]  Overtime is not unusual for

attendants.[2]  This case is about an employee of a gas station in Bayville, New York, who claims

he was not paid overtime due to him for the many hours he claims to have logged in.  The

questions tried before the Court were (i) whether the employee established that the gas station

---

[1] As Sam Neumann recounts in *Memoirs of a Gas Station: A Delightfully Awkward Journey Across the Alaskan Tundra* (2012) (*NY Times* Bestselling List).

[2] It has been reported that on average, full-time employees of gas stations work approximately 43.2 hours per week. *See Gasoline Stations*, Data USA, https://datausa.io/profile/naics/gasoline-stations.

willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and (ii) whether Defendants failed to provide Plaintiff with wage notices and statements during his employment in violation of New York Labor Law.  If so proven, then the Court must determine whether overtime compensation, liquidated damages, statutory penalties, interest, and attorneys' fees should be awarded.  Upon careful review of the evidence adduced at trial, the parties' proposed findings of fact and conclusions of law, and the controlling law on the issues presented, Court finds in favor of Plaintiff and awards Judgment against Defendants, jointly and severally, for unpaid wages, liquidated damages, statutory damages and attorneys' fees.

This Memorandum Decision and Order constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a).

## I.   PROCEDURAL SETTING

Plaintiff Ergun Bozdogan commenced this action against Defendants 23 Ludlam Fuel, Inc. ("Ludlam"), John Parisi, and Anton Parisi alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and New York Codes, Rules, and Regulations ("NYCRR") Part 142-2.2, for failure to pay overtime compensation and spread of hours wages.  (DE 1.)  The Honorable A. Kathleen Tomlinson presided over a bench trial[3] of this matter on January 23 and 24, 2019.[4] (DE 60; DE 61.)  Thomas Falzone, Jacalyn Parisi, John Parisi, and Plaintiff Ergun Bozdogan

---

[3] The parties consented to a bench trial of this matter. *See* Joint Pretrial Order (DE 38).

[4] Pursuant to 28 U.S.C. § 636(c), the parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge on October 1, 2018.  (DE 49.)

testified during Plaintiff's case-in-chief; Defendants' case-in chief consisted of testimony from Plaintiff, Ismial Boncukcu, and Fatin Kayis; Plaintiff submitted Exhibits 1-12 into evidence; and, Defendants submitted Exhibit A into evidence. (DE 62; DE 63.) Following the completion of the bench trial, Plaintiff and Defendants submitted proposed findings of fact and conclusions of law (DE 63 and DE 64 respectively). On May 2, 2019 and May 8, 2019, Plaintiff's fully briefed motion to amend his pleadings to assert two additional claims for wage notice and statement violations under NYLL §§ 195(1)(a) and 195(3) was submitted. (DE 66-DE 68.)

On October 25, 2021, this matter was reassigned to the undersigned [5] while decisions on the bench trial and motion to conform the pleadings remained *sub judice.* (Electronic Order dated Oct. 25, 2021.) On December 2, 2021, the undersigned held a conference to confer with the parties whether they intended to recall any material witness pursuant to Rule 63. (DE 70.) On January 19, 2022, Defense counsel re-called Defendant John Parisi. (DE 75.) At the completion of Mr. Parisi's testimony, trial concluded and the evidentiary record was closed. (*Id.*) Defendants and Plaintiff submitted supplemental proposed findings of fact and conclusions of law. (DE 77-DE 78, respectively.) On February 22, 2022, the Court granted Plaintiff's motion to amend the pleadings, pursuant to Fed. R. Civ. P. 15(b), to conform to the evidence adduced at trial. (DE 79.)

## I. THE BURDEN OF PROOF

Long ago the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded on other grounds by statute*, Portal-to-Portal Act, Pub. L. No, 80-49, 61 Stat. 84 *et seq.*), held that where an employer maintains inadequate records, a plaintiff must make only a minimal showing of underpayment, and the burden then shifts to defendants to

---

[5] The case was reassigned to the undersigned upon the passing of Judge Tomlinson.

3

disprove plaintiff's assertions.  *See Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812 (ARR)(VMS), 2013 WL 12363005, at *6 (E.D.N.Y. Feb. 12, 2013) (citing *Anderson*, 328 U.S. at 687).  A plaintiff can meet that initial burden "by relying on recollection alone . . .[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Id.* (internal citations omitted).  "Under New York law, the employer can meet this burden only by showing by a preponderance of the evidence that the employee was properly compensated."  *Id.*

Accordingly, Plaintiff bears the burden of proving by a preponderance of evidence that Defendants did not adequately compensate him for the work he performed and "to show the amount and extent of that work as a matter of just and reasonable inference."  *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 392 (E.D.N.Y. 2013) (citing *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (internal quotation marks and citation omitted).  If Plaintiff meets this burden, "the burden shifts to the employer . . . to produce evidence of the precise amount of work performed" or evidence to negate the reasonableness of the inference derived based on Plaintiff's evidence.  *Reich*, 121 F.3d at 67 (internal quotation marks and citation omitted).  Plaintiff also bears the burden of proving by a preponderance of evidence that the defendants violated recordkeeping provisions, as well as the amount of damages to which plaintiff is entitled.  *Solis*, 938 F. Supp. 2d at 392.  If Defendant "fails to produce [evidence of the precise amount worked or to negate the reasonableness of the employee's evidence], the court may then award damages to the employee, even though the result be only approximate."  *Anderson,* 328 U.S. at 687-88; *see also Rivera v. Ndola Pharmacy Corp.,*497 F. Supp. 381, 389

4

(E.D.N.Y. 2007) (damages may be awarded based upon plaintiff's estimates even though exactness and precision of measurement may be lacking if employer's records are inadequate).

## II. FINDINGS OF FACT

Defendants John Parisi and Anton Parisi own 23 Ludlam Fuel, Inc., the only retail gas station in Bayville, New York (Tr. at 10, 2-20) [6], and Plaintiff was employed by Ludlam as a full-time gasoline attendant with his employment beginning on August 26, 2011. (Tr. at 11:8-23; 244:25-245:21.) He resigned on June 18, 2015. (Tr. at 246:12-14.) Each party is considered below. [7]

### The Defendants.

Ludlam was formed in early 2011 and has operated since then as a motor fuel gas station located at 23 Ludlam Avenue, Bayville, New York. (Tr. 172:22-173:17.) Defendant John Parisi purchased the gas station in early 2011 and is the President of Ludlam. (Tr. 10:10-14; 69:3-4; 172:15-21.) Anton Parisi is an officer of Ludlam. (Tr. 173:18-20.) As President of Ludlam, John Parisi essentially did "everything" and all decisions were run by him. (Tr. 173:21-176:11.) He addressed employee issues, had authority to hire and fire, wrote payroll checks, decided how much to pay employees, decided whether to pay an employee in cash or by check, decided when to give employees raises, and decided hours of work. (Tr. 15:13-20; 174:2-14; 176:18 - 179:4; 216:21-217:11.) John Parisi also had check-signing authority and was the signatory to Ludlam's

---

[6] The trial transcript for the bench trial held on January 23 and 24, 2019 is attached as Exhibit 14 to Plaintiff's proposed findings of fact and conclusions of law (DE 63) and is referred to herein as "Tr." The trial transcript for the third day, that is, the recalling of John Parisi on January 19, 2022, is attached as Exhibit 1 to Plaintiff's supplemental proposed findings of fact and conclusions of law (DE 78) and referred to herein as "Supp. Tr."

[7] Anton Parisi did not testify at trial or the supplemental hearing.

5

annual tax returns. (Tr. 153:1-4; 185:16-187:7.) He was Plaintiff's boss, hired Plaintiff as a full-time gas station attendant, decided Plaintiff's hourly rate of pay, and approved Plaintiff's pay raise. (Tr. 14-15; 175.)

Jacalyn Parisi, John Parisi's daughter, was the bookkeeper at 23 Ludlam throughout Plaintiff's employment. (Tr. 24:15-5.) Thomas Falzone was a gas attendant and also took care of the books on a daily basis. (Tr. 12:5-14:6.) John Parisi would come to the gas station about twice a week. (Tr. 14:16-20.) Falzone was Plaintiff's primary supervisor when Parisi was not present. (Tr. 14:14-15; 30:3-6.) John Parisi was also Falzone's boss/supervisor, and also decided all employees' pay rates and raises. (Tr. 14:21-15:4, 13-25; 16:1.)

**The Plaintiff.**

Plaintiff began working at Ludlam on August 26, 2011 and resigned on June 18, 2015. (Tr. 244:25 - 245:2; 246:12-14.) He worked at Ludlam as follows: from August 26, 2011 until February 2012, he alternated working seventy-eight hours per week and ninety-one hours per week, every other week; from February 2012 until August 30, 2012 he worked seventy-eight hours per week; he did not work form August 31, 2012 until November 15, 2012; from November 16, 2012 until mid-January 2013 he worked forty-eight hours per week; and, from mid-January 2013 until April 18, 2013 he did not work more than forty hours per week. Plaintiff further claimed he did not receive uninterrupted meal breaks during his employment because he was the only employee present, and aside from two vacations – March 1-March 30, 2014 and March 5-April 12, 2015 – he did not miss any other weeks during his employment. (Tr. 250:24-251:17; 254:7-259:5.) Plaintiff claims that from August 2011 through October 29, 2012 (when Hurricane Sandy hit), the gas station operated 7 days per week with the exception of 3 days from

6

August 27 – August 29, 2011 after Hurricane Irene; from mid-January 2013 through April 18, 2013 the gas station underwent renovations; and, from April 19, 2013 through at least June 18, 2015, the gas station was open 7 days per week.  (Tr. 135:14-22; 136:7-9: 155:25-156:20; 183:14-194:12; 255:19-256:12; 257:13-258:6.)  During Plaintiff's shifts, Plaintiff would be the only one working.  (Tr. 12:1-2.)

According to Defendants, all of their records prior to November 2012 were destroyed during Hurricane Sandy.  (Tr. At 183:10- 13, 208:25-209:11.)   There are no records for the period from November 2012 through April 2013.  Plaintiff worked Fridays through Thursdays, and he filled out shift sheets each day, for the time period from April 19, 2013 through June 18, 2015, as Defendants did not have an operational time clock to track employees' hours.[8]   (Tr. 18:5-7; 20:8-10; 21-25-19:16; 21:10-21; 249:20-25; 252:8-13; 259:3-8; *see also* Exs. 6-12 (DE 63-8 – 63-14).)  Defendants admitted to the accuracy of the time sheets, having no reason to doubt them (Tr. 265-67; Ex.1.) Plaintiff submitted his handwritten shift sheets (including days worked, hours worked, hourly rate of pay, and amount he was paid) to Thomas Falzone, the station manager and Plaintiff's direct supervisor, each Thursday.  (Tr. 19:20-23:7; 138:15-16; 259:3-12.)  Falzone would then pay Plaintiff in cash on Fridays, based on Plaintiff's submitted time sheet.  (Tr. 22:13-22;  32:3-23.)   Falzone always paid Plaintiff straight time, without any overtime, except for six holidays per year, even though Defendants knew Plaintiff was entitled to overtime.  (Tr. 49:19-25; 50:1-8; 58:1-18; 60:10-12; 64:7-10; 165:24-167:1; 250:7-23; 259: 13-16; 260:7-12; 262: 6-9; 283:4-10.)  No documentary evidence was adduced indicating Plaintiff was paid overtime with the exception of certain holidays per year. (Tr. 64:7-10; 232:11-233:22.)

---

[8] The Parisi's did install a time clock, but the clock malfunctioned repeatedly and did not accurately record employees' hours, so Plaintiff and other gas attendants filled out shift sheets.  (Tr. 18: 5-7; 21-25; 19:1-16.)

7

Plaintiff was never provided with wage statements or wage notices at any time. (Tr. 6:20-22; 23:5-7, 33:6- 9, 13-16; 34:1-6, 165:9-23, 167:5-12; 179:5-180:4; 182:21-25, 187:8- 15, 190:13-19, 193:1-12; 246:23-247:15; 259:17-19, 262:3-5, 264:2-4.) Plaintiff claims that he asked Falzone to pay him overtime compensation, but Falzone told him that gas stations do not pay overtime. (Tr. 274:13-276:2.)

Defendants claim that Plaintiff never complained about not receiving overtime or that he was deprived of any compensation for the periods 2012 through 2015. (Tr. 221:25-223:9.) Defendants contend that until April 2013, the gas station did not have sufficient lighting to permit operations beyond 7:00 p.m., and thus, Plaintiff's regular hours were 7:00 a.m. to 7:00 p.m. (Tr. 67:1-68:10), and that the station was never open past 11:00 p.m. and therefore, Plaintiff's shift sheets indicating he worked past 11:00 p.m. were false. (Tr. 72:8-9; 74:1-104:19.) When the station was allegedly closed for renovations between November 2012 and March 2013, Defendants claim that they gave Plaintiff work outside of his normal scope as a gas attendant so that he could still have some income. (Tr. 220:7-13.)

Defendants paid Plaintiff $10.00 per hour from August 26, 2011 until May 15, 2014, and $10.50 per hour from May 15, 2014 until June 18, 2015, when he resigned. (Tr. at 27:7-11; 47:4-21; 154:23-155:3; 245:22-23; *see also* Ex. 1 at LF0087 (63-3).) According to Plaintiff, from August 26, 2011 until August 1, 2013, Defendants paid Plaintiff in cash, and on August 1, 2013[9], John Parisi began giving Plaintiff a $400.00 check each week. (Tr. 261:20-262:2.) According to Defendants, Plaintiff was paid in cash from August 26, 2011 until December 27, 2013. (Tr. 152:11-17; 183:6-9; 191:16-24; 235:22-236:3; 242:11-16; Supp. Tr. 42:4-8; 43:1-8.)

---

[9] At the continued bench trial on January 19, 2022, Plaintiff's counsel clarified during cross-examination of Parisi that the first check paid to Plaintiff was December 27, 2013, rather than in August of 2013. (Supp Tr. 42:1-43:8.)

8

According to Defendants, from December 2013 through the end of his employment, Plaintiff was paid pursuant to an agreement with John Parisi which they entered into at Plaintiff's request. (Tr. 192:6-16; 205:5-206-9.) Under this purported agreement, Plaintiff was paid one and one half times base pay for every hour he worked over forty hours in a week. (Tr. 187:12-188:6; 192: 11-16.) Such payment consisted of a $400.00 check representing "net pay" from $500, which included twenty hours of overtime, and any hours above sixty would be paid to Plaintiff in cash. (Supp. Tr. 7:20; 9:2-11, 22-23.) John Parisi claims that each week in addition to the $400.00, he paid $100.00 in taxes for Plaintiff which represented the twenty hours of overtime. (Tr. 193 15-23; Supp. Tr. 9:14-23.) Plaintiff asserts that there is no evidence showing what taxes, if any, were withheld from Plaintiff's pay on a weekly basis and that Plaintiff's W-2 forms conflict with John Parisi's testimony. (DE 78 at 3-4 (citing Supp. Tr. 48-53).)

Plaintiff reported his hours to Falzone each week on a sheet of paper, and Falzone paid Plaintiff each week. (Tr. 19:17-20:1-16.) Falzone would multiply Plaintiff's hours by his hourly rate and pay him in cash. (Tr. 25:6-10.) Significantly, Plaintiff did not receive pay stubs. (Tr. 23:5-7.) Falzone would write the dollar amount that he was paying out employees on a shift sheet. (Tr. 56: 20-57:3.) The hours that Plaintiff reported each week always seemed accurate to Falzone and he was confident that Plaintiff actually worked the hours that he recorded on the sheets. (Tr. 25:24-26:6; 45:10-46:1, 17-25; 47:3; 62:11-23.) Falzone's perception of Plaintiff was that he was an honest and good employee. (Tr 62:24-63:1.) Falzone conceded that he knew that Plaintiff worked more than 40 hours per week for most of his employment and was entitled to be paid time and a half for each hour over 40, but that he never paid Plaintiff overtime aside from six holidays (Christmas, New Years, Thanksgiving, Labor Day, Memorial Day, and the 4th

9

of July). (Tr. 27:7-25; 28: 7-12; 29:1-4; 58:1-18; 61:8-11; 62:1-10.) From August 26, 2011 to

May of 2014, Plaintiff was paid $10.00 per hour. (Tr. 27:7-11.)

Without explanation, Defendants have none of Plaintiff's handwritten records for the

period of November 2012 through April 18, 2013. From April 19, 2013 through June 18, 2015

(the end of Plaintiff's employment), the weekly time sheets Plaintiff submitted indicate that

Plaintiff worked over forty hours nearly every week during this period and was only paid

straight-time for his work; Defendants stipulated to the accuracy of these records. (Tr. 265-67;

Ex.1.)

### Plaintiff's Schedule.

The evidence shows that from August 26, 2011 through February 2012, Plaintiff's hours

were as follows:

M-F.........10:00 am - 11:00 pm.

Sa............11:00 am - 12:00 am.

Su.............7:00 am – 8:00 pm (every other).

(Tr. 248:9-249:3, 250:24-251:17.)

From February 2012 until August 30, 2012, Plaintiff's hours were as follows:

M-F .........10:00 am – 11:00 pm.

Sat............11:00 am – 12:00 am.

(Tr. 251:18-252:1.)

He did not work from August 31, 2012 until November 15, 2012. (Tr. 256:13-18.) From

November 16, 2012 until mid-January 2013, Plaintiff worked six days a week from 6:00 am -

2:00 pm. (Tr. 256:19-257:10.) From mid-January 2013 through April 18, 2013, he did not work

more than forty hours per week. (Tr. 257:19-25.) Thereafter from April 19, 2013 through June

10

18, 2015, Plaintiff's daily and weekly hours are set forth on his time sheets and confirm he worked in excess of forty hours per week. (DE 63-3 (Exhibit 1).)

As the only employee during many of his shifts, he also did not receive uninterrupted meal breaks. (Tr. 14:7-13, 250:24-251:17.) He also took limited vacations (*see* Ex. 1 (DE 63-3) at LF0078, LF00138, LF00142; Tr. at 258:10-259:2), and even Falzone testified Plaintiff worked more than forty hours per week most weeks. (Tr. 58:1-3.)

### Plaintiff's Hours and Wages.

So, the question remains, what were his wages for these hours worked? They varied over time, summarized as follows: From August 26, 2011 – May 15, 2014, Plaintiff was paid $10.00 per hour (paid in cash until August 1, 2013). (Tr. at 27:7-11; 47:8-21; 152:11- 17; 154:23-155:3; 183:6-9; 191:16-24; 235:25-236:3; 245:22-23; 261:20-262:2); *see also* Ex. 1 at LF0087 (DE63-3). As of December 27, 2013, Plaintiff was paid $400 by check each week, in addition to cash payments. (Tr. 242:11-16, 261:20-262:2, 16-17; Supp Tr. 42:1-43:8.) With the exception of certain holidays,[10] Falzone always paid Plaintiff straight-time for the hours worked and never paid overtime compensation at a rate of one and one-half times his regular hourly rate of pay, aside from the holidays. (Tr. 27:7-25; 28: 7-12; 29:1-4; 49: 19-25; 50:1-8; 58:1-18; 60:10-12; 61:8-11; 62:1-10; 64:7-10; 165:24-167:1; 250:7-23; 259: 13-16; 260:7-12; 262: 6-9; 283:4-10.)

Proper wage statements and notices were admittedly not provided under NYLL § 195; nor was Plaintiff provided wage statements each week (Tr. 6:20-22; 23:5-7, 34:5-6, 165:9-23, 182:21-25, 187:8- 15, 190:13-19, 193:1-12, 259:17-19, 262:3-5, 264:2-4), or a wage notice (Notice of Acknowledgment of Pay Rate and Pay Date Form) at time of hiring, paystub or any

---

[10] Defendants paid Plaintiff overtime only for those hours he worked on Christmas, New Years Day, Thanksgiving, Labor Day, Memorial Day, and the 4th of July.

written document as to what his hourly rate was. (Tr. at 33:6- 9, 13-16, 34:1-6, 167:5-12, 179:5-180:4, 246:23-247:15). Falzone never handed Plaintiff checks or kept any record of checks given to Plaintiff. (Tr. 34:17-21.) Ignorance of the requirements of N.Y. Labor Law § 195 was freely admitted by Falzone and Parisi. (Tr. 64:7-24; 167:2-15.)

Plaintiff seeks the following damages (DE 78-2):

> 2011 Overtime Compensation: $3,815.
> 2012 Overtime Compensation: $7,020.
> 2013 Overtime Compensation: $4,140.
> 2014 Overtime Compensation: $5,527.27.
> 2015 Overtime Compensation: $2,594.84.
> NYLL § 195(1) Wage Notice Statutory Penalties: $5,000.
> NYLL § 195(3) Wage Statement Statutory Penalties: $5,000
> CPLR Interest Pursuant to NY Law as of February 4, 2022: $17,763.26
> NYLL Liquidated Damages: $23,097.11

**TOTAL:** $73,957.48, plus reasonable Attorneys' Fees, Costs and Disbursements

## III.   CONCLUSIONS OF LAW

As a threshold matter, this Court has federal question subject matter jurisdiction, *see* 28 U.S.C. § 1331, since the action arises under Section 17 of the FLSA. 29 U.S.C. § 217.

### A. Statute of Limitations

Under the FLSA, a Plaintiff may recover wages within two years after a claim accrues, or within three years if the plaintiff can demonstrate that a defendant's violation of the Act was willful. 29 U.S.C. § 255(a). "An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In this Circuit, the question of willfulness is generally left to the trier of fact. *Solis*, 938 F. Supp. 2d at 393 (collecting cases). The employee bears the burden of establishing willfulness. *Id.*

12

Under the NYLL, the statute of limitations to recover unpaid wages is six years. N.Y. Lab. Law § 198(3); *Id.* § 663(3). Accordingly, a plaintiff "may recover under the NYLL for claims arising outside of the FLSA's three-year limitations period." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015) *adopting report and recommendation.*

In this case, Plaintiff filed the Complaint on March 2, 2016. (DE 1.) Accordingly, Plaintiff's FLSA claims begin on March 2, 2013, and the statute of limitations as to Plaintiff's NYLL claims covers the entirety of Plaintiff's employment with Defendants (beginning on August 26, 2011). The Court finds that Falzone knew that Plaintiff was entitled to overtime compensation and that he was not paying him for the overtime on hours in excess of 40 hours per week. This awareness gives rise to an inference of willfulness that supports a finding that the three-year statute of limitations applies to the FLSA claims. As to the NYLL claims, the applicable period is the entirety of Plaintiff's employment, namely, August 26, 2011 through June 18, 2015.

## B. Threshold Issues and Joint and Several Liability Under the FLSA and the NYLL

To prove an FLSA claim, a plaintiff must establish that "(1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an "employee" within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Garcia v. Badyna*, No. 13-CV-4021 (RRM)(CLP), 2014 WL 4728287, at *5 (E.D.N.Y. Sep. 23, 2014) *adopting report and recommendation.* Here, there is no dispute that Ludlam is an enterprise as the parties have stipulated that Ludlam is an FLSA enterprise within the meaning of 29 U.S.C. § 203(s), and meets the $500,000 threshold for each relevant year. (Tr. 4:18-20; DE 25.)

13

The FLSA defines an "employee" as "any individual employed by an employer" and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), (g), *declared unconstitutional by Hootselle v. Mo. Dep't of Corr.*, 624 S.W. 3d 123 (Mo. 2021). The FLSA defines an "employer" to be "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). The "economic reality" test sets forth the relevant factors courts analyze to determine if an alleged employer had the power to control the subject worker – whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). No factor is dispositive and "any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Id.* (citation omitted). Employer status does not require continuous monitoring or total control of an employee. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 315 (E.D.N.Y. 2009). "[A]n employer may include an individual owner who exercises a sufficient level of operational control in the company's employment of employees." *Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 WL 1251102, at *9 (E.D.N.Y. Apr. 5, 2017) (internal quotation marks and citation omitted).

"The NYLL is the state analogue to the federal FLSA." *Herrera v. Tri-State Kitchen and Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *4 (E.D.N.Y. Mar. 31, 2015) *adopting report and recommendation* (noting that the although the NYLL does not require a plaintiff to show a nexus with interstate commerce or an employer's minimum amount of sales, the NYLL "otherwise mirrors the FLSA in most aspects, including its minimum wage and

14

overtime compensation provisions."). The NYLL's definition of "employer" is coextensive with the FLSA's definition of employer. *Fermin,* 93 F. Supp. 3d at 37.

Here, none of the exemptions as defined by the FLSA (29 U.S.C §§ 203(e)(2)-(5)) [11] are applicable to Plaintiff. The Court finds, and Defendants did not dispute, that Plaintiff was an employee of Defendants within the meaning of the FLSA.

As set forth above, the evidence adduced at trial unequivocally established that John Parisi was owner and President of 23 Ludlam with operational control over the business. He maintained responsibility over all aspects of the facility: hiring, firing, compensation, hours, raises, work schedules. This exercise of dominion and control over Plaintiff makes him squarely an "employer" under both the FLSA and NYLL. Because Defendants John Parisi and Ludlam [12] are found to jointly be Plaintiff's employers, each Defendant is jointly and severally liable under the FLSA and the NYLL if damages are awarded in favor of Plaintiff. *Fermin,* 93 F. Supp. 3d at 37; *see also Khurana,* 2017 WL 1251102, at *9 (finding individual and corporate defendants jointly and severally liable for violations of overtime and spread of hours provision of the FLSA and NYLL after individual defendant conceded he was an owner, officer, and manager of gas station and exercised control over plaintiff's terms and conditions of employment); *Gayle v. Harry's Nurses Registry, Inc.,* 2009 WL 605790, at *9 (E.D.N.Y. Mar. 9, 2009) ("The

---

[11] Plaintiff is non-exempt because he was not employed by a "public agency," employed by "an employer engaged in agriculture if such individual is the parent, spouse, child, or other member of the employer's immediate family," did not "volunteer[] to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency," and did not "volunteer [his] services solely for humanitarian purposes to private non-profit food banks." *See* 29 U.S.C. § 203(e)(2)-(5).

[12] The Court does not find that Anton Parisi has employer status. *See Irizarry v. Catsimatidis,* 722 F.3d 99, 109 (2d Cir. 2013) ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status.").

15

overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liability [sic] under the FLSA for unpaid wages.") (quoting *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (citing cases).

## C.  Overtime Violations under the FLSA and NYLL

Under the FLSA and NYLL, employers are required to pay employees at least one-and-a-half times the regular rate at which they are employed for any workweek longer than forty hours. *See Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 289 (E.D.N.Y. Mar. 12, 2010) (citing 29 U.S.C. § 207(a)(1); N.Y. Lab. Law §§ 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2); *see also* 29 C.F.R. § 778.112.  An employer that violates section 206 or section 207 of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  *Solis*, 938 F. Supp. 2d at 394 (citing 29 U.S.C. 216(b), *declared unconstitutional by Hootselle v. Mo. Dep't of Corr.*, 624 S.W. 3d 123 (Mo. 2021)).  To recover unpaid overtime wages under the FLSA, a plaintiff must show that he was eligible for overtime (*i.e.*, not exempt) and that he indeed worked overtime hours without compensation.  *Id.* at 394.  While a plaintiff typically has the burden of establishing that he was not adequately compensated for work he performed, that burden is met if the employer does not have accurate or adequate records, if plaintiff shows that he has in fact performed the work, and if plaintiff "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Id.* (quoting *Anderson*, 328 U.S. at 687 (1946)).  Plaintiff may satisfy his burden though estimates based on his own recollection.  *Keubel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("It is well settled among the district courts of this Circuit

16

. . . that it is possible for a plaintiff to meet this burden through estimates based on his own recollection.") (citing cases).

Here, because the Court has found that defendants did not maintain records of the number of hours Plaintiff worked and his rate of pay for the period of August 26, 2011 through June 18, 2015, Plaintiff only needs to submit sufficient evidence that he was not compensated as required under the FLSA and NYLL, and sufficient evidence showing the amount and extent of his work as a matter of just and reasonable inference. The Court finds that Plaintiff has met that burden and accordingly, the Court relies on and credits Plaintiff's testimonial recollection of hours worked.

Although Defendants assert that Plaintiff never complained about not receiving overtime, "the law is clear that an employee may not waive the right to overtime under the FLSA; such a concept would nullify the purposes of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Bedasie v. Mr. Z Towing, Inc.*, 13 CV 5453 (CLP), 2017 WL 1135727, at *21 n.33 (E.D.N.Y. Mar. 24, 2017) (alteration in original) (internal quotation marks and citations omitted). *see also Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 92 (N.D.N.Y. 1999) ("It is irrelevant that plaintiff never complained about not being compensated for overtime.").[13]

The alleged loss of records due to Hurricane Sandy does not provide a safe harbor for Defendants. Even though that may explain some time period for missing records, there remain unexplained missing records for other time periods. In all, the testimony at trial reveals an

---

[13] The Court further notes that Plaintiff indeed testified that he asked Falzone for overtime compensation and Falzone told him gas stations do not pay overtime. (Tr. 274:13-276:2.)

17

inadequate and at times non-existent record-keeping practice sufficient to satisfy both the FLSA and NYLL.

| Year | Regular Rate | OT Rate | OT Hours Per Week[14] | Weeks Worked with OT | Total Owed |
|---|---|---|---|---|---|
| 2011 | 10.00 | 15.00 | 38.00-51.00 | 17 | 3,815.00 |
| 2012 | 10.00 | 15.00 | 8.00-51.00 | 41 | 7,020.00 |
| 2013 | 10.00 | 15.00 | 8.00-35.00 | 37 | 4,140.00 |
| 2014 (*through May 15, 2014*) | 10.00 | 15.00 | 11.00-27.00 | 15 | ------------ |
| 2014 (*after May 15, 2014*) | 10.50 | 15.75 | 13.50-36.50 | 31 | 5,527.27 |
| 2015 | 10.50 | 15.75 | 8.00-47.00 | 19 | 2,594.84 |
| **TOTAL** | | | | | 23,097.11 |

### D. Statutory Damages for Failure to Provide Plaintiff with Wage Notices and Wage Statements

Under federal and New York law, employers must make, keep, and preserve records of employee wages, hours, and employment conditions and practices. 29 U.S.C. § 211(c); 12 NYCRR § 142-2.6. Specifically, pursuant to the Wage Theft Prevention Act, "New York law requires that employees be furnished with written notice with rate or rates of pay and basis for payment, allowances, if any, the regular pay day, employer's name and contact information." *Herrera*, 2015 WL 1529653, at *4 (citing N.Y. Lab. Law §§ 195(1)(a) and (3)). As noted above,

---

[14] Within each year period, Plaintiff's overtime hours fluctuated and the number of weeks that Plaintiff worked overtime also fluctuated. The weekly break-downs are more specifically set forth in DE 78-2, Plaintiff's calculation of damages, which is taken from the undisputed records of Plaintiff's handwritten time sheets and Defendants' calendars (Exhibit 1 (DE 63-3)).

Defendants do not dispute that they failed to provide written notice of wage information as required under the NYLL and are thus liable for statutory damages to Plaintiff.

Section 195(1) of the NYLL, which became effective on April 9, 2011, holds that employers who violate the provision by not providing wage notices are liable for fifty dollars in damages for each week that the violation occurs, up to a statutory maximum of $2,500. *Id.* (citing N.Y. Lab Law. § 198(1-b)). Starting February 27, 2015, these statutory damages were increased to $50.00 per day, up to a maximum of $5,000. *Wing Chan v. Xifu Food, Inc.*, No. 18-CV-5445 (ARR)(RML), 2020 WL 5027861, at *9 (E.D.N.Y. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 5027147 (E.D.N.Y. Aug. 25, 2020) (citing N.Y. Lab. Law. § 198(1-b)). Section 195(3) also became effective on April 9, 2011, and held that employers who violate that provision are liable for one hundred dollars in damages for each week that the violation occurs, with the same statutory maximum of $2,500. *Id.* (citing N.Y. Lab. Law § 198(1-d)). Section 198(1-d) was also further amended to hold that on and after February 27, 2015, an employer in violation of § 195(3) is liable to plaintiff for two hundred fifty dollars for each work day that the violation occurred, not to exceed $5,000. *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15-CV-2158 (RA)(AJP), 2015 WL 5710320, at *7 (S.D.N.Y. Sep. 25, 2015) (citing N.Y. Lab Law § 198(1-d)).

The evidence at trial established that Defendants simply did not provide (as required) any wage notices or wage statements at any time during Plaintiff's employment, a fact conceded at trial that Defendants are "not running" from. (Tr. At 6:20 -23.) Accordingly, Plaintiff is entitled to the maximum statutory damages of $5,000 pursuant to Defendants' violations of § 195(1)[15]

---

[15] $50.00 x 168 weeks worked prior to February 27, 2015 = $8,400; $50.00 x 60 days worked after February 27, 2015 = $3,000. $8,400 + $3,000 = $11,400, which is statutorily capped at $5,000.

19

and the maximum statutory damages of $5,000 pursuant to Defendants' violations of § 195(3).[16]

*See Ying Ying Dai v. ABNS NY INC.*, 490 F. Supp. 3d 645, 660 (E.D.N.Y. 2020) (finding that

Plaintiffs who did not receive wage statements throughout their entire employment (2004-2018

and 2010-2019) were entitled to the maximum statutory damages of $5,000 pursuant to §

195(3)); *Wing Chan*, 2020 WL 5027861, at *9 (E.D.N.Y. Aug. 25, 2020), (finding that Plaintiffs

who worked more than 100 days after February 26, 2015 without any wage notice and without

any wage statements were entitled to the statutory maximum of $5,000 pursuant to § 195(1), and

the statutory maximum of $5,000 pursuant to § 195(3)).

### E.  Liquidated Damages and Prejudgment Interest

A plaintiff may recover liquidated damages under the FLSA "'in the amount of their

unpaid . . . wages' . . . absent a showing that the employer acted in good faith." *Khurana*, 2017

WL 1251102, at * 16 (quoting 29 U.S.C. §216(b); citing *Id.* § 260).  "[T]he employer bears the

burden of establishing, by plain and substantial evidence, subjective good faith and objective

reasonableness." *Solis*, 938 F. Supp. 2d at 403 (brackets in original) (citation omitted).  As of

April 9, 2011[17], a plaintiff may also recover liquidated damages under the NYLL amounting to

100% of the total unpaid wages unless "the employer proves a good faith basis for believing that

its underpayment of wages was in compliance with the law."  N.Y. Lab. Law § 663(1); *see also*

*Khurana*, 2017 WL 1251102 at *16.  While there was a period of time that Courts in this Circuit

split on whether a plaintiff is entitled to liquidated damages for identical violations under both

the FLSA and the NYLL, "[n]othing in either statute suggests that the legislators envisioned or

---

[16] $100.00 x 168 weeks worked prior to February 27, 2015 = $16,800; $250.00 x 60 days worked after February 27, 2015 = $15,000.  $16,800 + $15,000 = $31,800, which is statutorily capped at $5,000.

[17] Prior to April 9, 2011, under the NYLL, an employee could recover liquidated damages in the amount of 25% of unpaid wages.  *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 503 (S.D.N.Y. 2017).

intended that successful plaintiffs would reap what in effect are three times their damages, rather than double their damages as the statutes explicitly provide." *Castillo v. RV Transport, Inc.*, 15 Civ. 0527 (LGS), 2016 WL 1417848, at *2 (S.D.N.Y. Apr. 11, 2016). Using this approach, the Court finds that Plaintiff is entitled to recover under the statute that provides the greatest relief, which here is the NYLL, because the statute of limitations is six years (rather than two or three) and also allows for prejudgment interest.[18]  *Id.* at *3; *see also* N.Y. Lab. Law § 198(1-a).

"The applicable rate of interest is 9% per annum, as specified in N.Y. C.P.L.R. §§ 5001 and 5004, and calculated from a reasonable midpoint date during the course of [plaintiff's] employment." *Castillo*, 2016 WL 1417848 at *3 (citation omitted); *see also Padilla*, 643 F. Supp. at 314 (holding that the statutory interest rate in New York is nine percent and when damages are incurred at various times, "interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." (citations omitted)); *Khurana*, 2017 WL 1251102 at *17 ("Courts have discretion in choosing a reasonable date from which to calculate pre-judgment interest."); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012) (calculating interest from plaintiff's midpoint of employment was appropriate). Under the NYLL a plaintiff may only recover prejudgment interest on actual damages, not liquidated damages. *Gamero*, 272 F. Supp.3d at 515. Nor is prejudgment interest available for violations of wage statement and/or wage notice provisions. *Id.*

As discussed above, in § III. A, the Court finds that Defendants' violations were willful and thus, Defendants have not made a showing that they acted in good faith to preclude Plaintiff from recovering liquidated damages. Plaintiff's liquidated damages total $23,097.11 – the

---

[18] "Federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA." *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988).

amount of Plaintiff's unpaid wages. As for prejudgment interest, the Court finds that an appropriate midpoint of Plaintiff's employment, which spanned from August 26, 2011 through June 18, 2015, is July 22, 2013. Thus, Plaintiff is entitled to prejudgment interest of 9% per annum, applied to Plaintiff's actual damages of $23,097.11, not including wage statement and wage notice violations, and not including liquidated damages, for the period: July 22, 2013 – the date of the entry of judgment.

### F.  Post-Judgment Interest

Plaintiff also requests post-judgment interest. Here, "judgment would be governed by the plain language of 28 U.S.C. § 1961, which applies to 'any money judgment in a civil case recovered in a district court.'" *Khurana*, 2017 WL 1251102 at *17 (citing 28 U.S.C. § 1961) (holding that although the Court exercised supplemental jurisdiction over plaintiff's state law claims, any judgment awarded still constituted a federal judgment). Accordingly, Plaintiff is awarded post-judgment interest at the statutorily prescribed federal rate.

Plaintiff further requests an automatic 15% increase regarding any damages not paid within the later of ninety days following issuance of judgment or the expiration of the time to appeal. *See* N.Y. Lab. Law § 198(4); *Id.* § 663(4); *see also Hernandez v. JRPAC Inc.*, 14 Civ. 4176 (PAE), 2016 WL 3248493, at * 36 (S.D.N.Y. June 9, 2016). The Judgment embodying this decision shall include a provision that if any amounts awarded hereunder remain unpaid after 90 days from entry of Judgment, an automatic 15% increase in the amount of damages shall be imposed.

### G.  Reasonable Attorneys' Fees and Costs

The FLSA and NYLL both allow for a successful plaintiff to recover "reasonable" attorney's fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Having found that Plaintiff

established Defendants' liability for violations of the FLSA and NYLL by a preponderance of the evidence, Plaintiff is entitled to a reasonable award of attorneys' fees and costs. Plaintiff is directed to file an application including an affidavit or declaration setting forth counsel's experience and qualifications, along with simultaneous billing records and costs related to the instant action on or before October 1, 2022. Defendants are permitted to file any opposition to the fee amount sought on or before November 1, 2022.

## IV.   CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to enter Judgment against Defendants, jointly and severally, in the amount of $56,194.22, consisting of: (1) $23,097.11 in unpaid wages; (2) $23,097.11 in liquidated damages; and (3) $10,000 in statutory damages for violations of the wage and notice statement provisions of the NYLL. Prejudgment interest should be added to the total amount, to be calculated as stated above. As to the award of attorneys' fees, Plaintiff is directed to file the application for attorneys' fees and costs on or before October 1, 2022, with any opposition due on or before November 1, 2022. Furthermore, in accordance with Section 198(4) of the NYLL, if any amounts remain unpaid ninety days after the issuance of this judgment, or ninety days after expiration of the time to appeal if no appeal is then pending, whichever is later, the total amount of judgment will automatically increase by fifteen percent. The Clerk of Court is respectfully directed to enter judgment accordingly.

Dated: Central Islip, New York
September 15, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

23

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

ERGUN BOZDOGAN,

                    Plaintiff,

     - against -

23 LUDLAM FUEL, INC., JOHN PARISI, and
ANTON PARISI,

                  Defendants.

-----------------------------------------------------------------X

**JUDGMENT**
CV 16-1053 (JMW)

A Memorandum Decision and Order of Honorable James M. Wicks, United States

Magistrate Judge, having been filed on September 15, 2022; directing the Clerk of the Court to

enter Judgment against Defendants 23 Ludlam Fuel, Inc., and John Parisi, jointly and severally,

consisting of (1) $23,097.11 in unpaid wages, plus pre-judgment interest calculated at 9% per

annum from July 22, 2013 until the date of entry of judgment, and the Clerk of Court having

calculated that amount to be $19,038.98, (2) $23,097.11 in liquidated damages, (3) $10,000.00 in

statutory damages for violations of the wage and notice statement provisions of the New York

Labor Law ("NYLL"), and (4) post-judgment interest calculated from the date of judgment until

the date of payment using the federal rate set forth in 28 U.S.C. § 1961; ordering in accordance

with Section 198(4) of the NYLL, if any amounts remain unpaid ninety-days after the issuance of

the judgment, or ninety days after the expiration of the time to appeal if no appeal is then pending,

whichever is later, the total judgment will automatically increase by fifteen percent; and

respectfully directing the Clerk of Court to enter judgment accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff Ergun Bozdogan is awarded a judgment

against Defendants 23 Ludlam Fuel, Inc., and John Parisi, jointly and severally, in the amount of

$75,233.20, plus post-judgment interest calculated form September 16, 2022 until the date of

payment using the federal rate set forth in 28 U.S.C. § 1961; that in accordance with Section 198(4) of the NYLL, if any amounts remain unpaid ninety-days after the issuance of the judgment, or ninety days after the expiration of the time to appeal if no appeal is then pending, whichever is later, the total judgment will automatically increase by fifteen percent; and that this case is closed.

Dated:  September 16, 2022
        Central Islip, New York

BRENNA B. MAHONEY
CLERK OF THE COURT

BY:     /s/ JAMES J. TORITTO
         DEPUTY CLERK
