UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JASON MORANO, et al.

                      Plaintiff(s),

-v-

INTERCONTINENTAL CAPITAL GROUP, INC.,
et al.
                Defendant(s).

----------------------------------------------------------------X

10 Civ. 2192

**MEMORANDUM
DECISION & ORDER**

KATHERINE B. FORREST, District Judge:

    The parties to this litigation brought pursuant to the Fair Labor Standards Act ("FLSA") settled prior to trial. The parties do not dispute that plaintiffs are eligible for a reasonable attorneys' fee. Instead they dispute what amount constitutes that reasonable fee. Plaintiffs here request $483,332.50 in fees and $7,324.45 in costs, for a total of $490,656.45. For the reasons set forth below, the Court finds the requested amounts unreasonable in part, and awards plaintiffs $213,165.00 in attorneys' fees and $3,369.25 in costs, for a total of $216,534.25.

## BACKGROUND

    The Court assumes the parties familiarity with the facts and procedural history of this action.[1]

---

[1] Capitalized terms not defined herein have the meanings attributed to them in the parties' moving papers.

1

This case presents an unusual FLSA fee application scenario. On October 28, 2010, this Court certified a "conditional" FLSA class. (See docket no. 52.) The parties then spent over a year in discovery related, inter alia, to defendants' eventual motion for decertification--and plaintiffs' defense of their conditional class. (See docket nos. 54, 107.) Finally, defendants did move to decertify the Class; and the Court decertified the Class on July 17, 2012. (See docket no. 144.) Thereafter, defendants settled with many of the named plaintiffs in this action, and those settling plaintiffs have now moved for the fees incurred by their attorneys throughout this case. Many individual actions brought by former members of the now-decertified conditional class still remain.

## DISCUSSION

### Procedural Aspects of the FLSA

"Unlike in traditional 'class actions' maintainable pursuant to Federal Rule of Civil Procedure 23, plaintiffs in FLSA representative actions must affirmatively 'opt-in' to be part of the class and to be bound by any judgment." Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010). Section 216(b) of the FLSA authorizes employees to maintain collective actions to recover damages for unpaid wages when all employees are "similarly situated." 29 U.S.C. § 216(b). It is these "similarly situated" employees who must "opt-in" to an action by filing a "consent in writing to become [ ] a party" to the action. Id.

2

When deciding whether to certify a class under section 216(b), district courts in the Second Circuit apply a two-step process.[2] See Myers, 624 F.3d at 555. The first step requires the court to determine whether "to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. That burden can be satisfied with only a "modest factual showing" that the plaintiff and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" Id. (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). Under this "low standard of proof," id., "the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." Diaz v. S & H Bondi's Dep't Store, 10 Civ. 7676, 2012 WL 137460, at *3 (Jan. 18, 2012). The court only exercises its "discretionary power . . . to facilitate the sending of notice to potential class members." Myers, 624 F.3d at 555 n.10.

The burden imposed at this first "conditional certification" stage is minimal precisely because the second step allows for a full review of the factual record developed during discovery. Id. at 555. The second stage typically proceeds after the defendant moves for the decertification of the class. "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Id. The court must apply a more "stringent standard" of proof in this second stage for determining whether

---

[2] This process, which is not the same process as notice to class members under Federal Rule of Civil Procedure 23, is frequently termed certification of a "collective action."

plaintiffs are similarly situated for the purposes of the FLSA. See Damassia v. Duane Reade, Inc., 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006).

The burden is on the named plaintiff to prove that all class members are similarly situated. See Ayers v. SGS Control Servs., Inc., 03 Civ. 9077, 2007 WL 646326, at *4 (Feb. 26, 2007). Required is that plaintiff make "a persuasive showing that the original and opt-in plaintiffs were common victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation." Pefanis v. Westway Diner, Inc., 08 Civ. 2, 2010 WL 3564426, at *4 (S.D.N.Y. Sept. 7, 2010).

If the record shows all putative class members are "similarly situated," the "conditional" aspect is removed, the collective action is certified, and the matter proceeds to trial. See Canales v. 115 Broadway Corp., 09 Civ. 4674, 2009 WL 3029338, at *2 (S.D.N.Y. Sept. 22, 2009). If the court finds all class members are not similarly situated, "the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims." Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).

"In an action pursuant to the FLSA, a 'prevailing party' must be awarded reasonable attorneys' fees and costs." Kahlil v. Original Old Homestead Restaurant, Inc., 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009). The parties do not dispute that the settling plaintiffs in this case are "prevailing parties." Nor do the parties dispute that not all of plaintiffs' attorneys' representation was in

prosecution of only the claims of these settling plaintiffs. Much of the time billed by plaintiffs' attorneys was spent in the fourteen-plus months of discovery between the Court granting plaintiffs' motion for first step "conditional" certification, and the close of fact discovery in January 2012, after no fewer than three extensions of that deadline. (See docket nos. 98, 101, 107.) And much if not all of that discovery was related to whether all plaintiffs who had opted in to the conditional class were, in fact, "similarly situated." In other words, that work was conducted on behalf of both the plaintiffs who here settled and those plaintiffs who were eventually dismissed from the action when the Court decertified the Class, and who have not here settled with defendants.

Presumptively Reasonable Fee

In the Second Circuit, attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 190 & n.4 (2d Cir. 2008); Cao v. Wu Liang Lexington Rest., Inc., No. 08 Civ. 3725, 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010). The approach prescribes that a court consider all of the case-specific variables in setting a reasonable hourly rate--i.e., "the rate a paying client would be willing to pay"--and multiply that amount by the number of hours reasonably expended, resulting in the "presumptively reasonable fee." Arbor Hill, 522 F.3d at 190; Cao, 2010 WL 4159391, at *8 (citing Arbor Hill, 522 F.3d at 190 and Porzig v. Dresdner Kleinwort, Benson, North America LLC, 497 F.3d 133, 141 (2d Cir. 2007)).

Plaintiffs here request a total attorneys' fee of $483,332.50, consisting of $163,170.00 for time billed by Neil H. Greenberg and $320,162.50 for time billed by Justin M. Reilly.

Hourly Rate

Plaintiffs seek $450 per hour for Mr. Greenberg, the President of his firm, Neil H. Greenberg & Associates, P.C.; and seek $350 per hour for Mr. Reilly, a member of Mr. Greenberg's firm. (Greenberg Decl. ¶¶ 4, 10; Reilly Decl. ¶ 4.) The Court reduces Mr. Greenberg's rate to $375 per hour, a rate defendants agree is "far more reasonable," (Defs.' Opp'n at 8), because "[c]ourts in this District have determined in recent cases that the range of appropriate fees for experienced employment law litigators is between $250 and $450." Ibarra v. HSCS Corp., 10 Civ. 5109, 2012 WL 3964735, at *3 (S.D.N.Y. Sept. 10, 2012) (alterations omitted, quoting Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)). Accordingly, the Court will consider Mr. Greenberg's hours at a rate of $375 per hour--a rate slightly above the middle of the range mentioned--and Mr. Reilly's hours at a rate of $350 per hour--a rate right at the middle of that range.

Hours Expended

Plaintiffs seek fees for 928.9 total hours of Mr. Reilly's time and 368 hours of Mr. Greenberg's time. The Court reduces these numbers to 451.9 for Mr. Reilly and 195 for Mr. Greenberg, in light of the fact that only the named plaintiffs in this action settled with defendants. The Court has disallowed hours reasonably spent

not on prosecution of the settling, named plaintiffs' claims, but on prosecution of the claims of the entire Class.

Although plaintiffs argue that prosecution of the case on a class-wide basis before the Court decertified the Class is and was not severable from prosecution of the named plaintiffs' claims, that fact does not entitle planitiffs' attorneys to their entire fees for the representation. Simply because plaintiffs' attorneys were pursuing a broader set of claims than that set for which they eventually settled, does not mean that these named plaintiffs benefitted from that pursuit such that attorneys' fees are shifted. That plaintiffs' attorneys were pursuing the claims of a large opt-in class (and conducting discovery related to all members of the class), but eventually settled on behalf of only named plaintiffs here, is not due to any act of defendants, but is instead due to the procedural particularities of the FLSA. It is plaintiff's burden at to show at the first step of the section 216(b) process that potential opt-in plaintiffs are similarly situated. Myers, 624 F.3d at 555. Likewise, it is plaintiff's burden to show at the second step of that process that the plaintiffs who have opted in are in fact similarly situated. Id.; Ayers, 2007 WL 646326, at *4. To meet these burdens, plaintiffs' attorneys must often take discovery, as plaintiffs' attorneys here did. But here plaintiffs were eventually denied class certification at the second step because the Court determined that not all plaintiffs who opted in were similarly situated. See Morano v. Intercontinental Capital Grp., Inc., 10 Civ. 2192, 2012 WL 2952893, at *6 (S.D.N.Y. July 17, 2012). Plaintiffs' attorneys' fees incurred in seeking class certification were incurred not due to the defendants'

actions but instead due to the procedural structure and burdens of proof required by the FLSA.

Those fees were also incurred not only on behalf of the named plaintiff--whose settlement of this action has led to this motion for attorneys' fees--but were instead incurred on behalf of all plaintiffs who had opted in to the step one conditional class. But only these named plaintiffs have received any remuneration from defendants due to the work conducted by plaintiffs' lawyers. Thus, even if plaintiffs' lawyers' work on behalf of the Class was "reasonable at the time that the work was performed," (Pls.' Reply at 5), their work for Class members other than plaintiffs should not be reimbursed by defendants. Only hours spent on successful claims eligible for fee shifting should be included in the attorneys' fees calculation--hours on claims that did not end in success or for which fee shifting is not eligible should not be included. See Millea v. Metro-North R.R. Co., 658 F.3d 154, 168 (2d Cir. 2011); Finch v. N.Y. State Office of Children & Fam. Servs., 861 F. Supp. 2d 145, 152 (S.D.N.Y. 2012).

Plaintiffs argue that their work was reasonable at the time since "[t]he claims of the opt-in plaintiffs who joined this case have been preserved and are being pursued before this Court." (Pls.' Reply at 5.) This is exactly the point. Surely defendants should not be asked to pay attorneys' fees for the same representation of the same plaintiffs twice. But having defendants pay for the reasonable work conducted by plaintiffs' attorneys before the class was decertified

8

here, and then expecting them to pay again if and when those plaintiffs--now proceeding individually--conclude their suits, would create that exact result.

The Court finds defendants' estimation, based on plaintiffs' attorneys' diaries, of the hours plaintiffs' attorneys spent prosecuting the claims of the settling plaintiffs here reasonable. The Court will therefore adopt this estimation. Mr. Reilly's hours will, however, be increased by the time spent in motion practice on this motion.

The Court has also reviewed the diary entries for the sixty-seven point five hours defendants argue are duplicative and therefore not reimbursable. The Court agrees that certain of these entries are duplicative, although many are not.[3] Therefore, the Court will decrease the hours of Messrs. Reilly and Greenberg each by twenty-five hours.

Therefore, the Court will grant fees for 426.9 of Mr. Reilly's hours and 170 of Mr. Greenberg's hours.

## Fees and Costs Calculation

As indicated above, the Court will grant attorneys' fees consisting of 170 of Mr. Greenberg's hours at $375 per hour, and 426.9 of Mr. Reilly's hours at $350 per hour. The amount totals to $213,165.00.

Plaintiffs also seek their litigation costs of $7,324.45. The Court will reduce this amount by fifty-four percent, the same percentage it reduced the number of

---

[3] For example, that a senior lawyer and a junior lawyer both worked on preparation of a certain deposition witness is not surprising or unusual--indeed, in many circumstances, it is expected.

hours billed by plaintiffs' attorneys,[4] and pursuant to the same reasoning. That amount totals to $3,369.25.

Accordingly, the Court awards plaintiffs $216,534.25.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion is granted and the Clerk of the Court is directed to enter a supplemental judgment for attorneys' fees and costs in the amount of $216,534.25.

The Clerk of the Court is directed to terminate the motion at docket no. 177 and to close this case.

SO ORDERED:

Dated:     New York, New York
           January 24, 2013

_____
KATHERINE B. FORREST
United States District Judge

---

[4] Including work on the current motion, plaintiffs request a total of 1296.9 hours of work (consisting of 928.9 of Mr. Reilly's hours and 368 of Mr. Greenberg's hours). The Court here grants fees for 596.9 hours of work (consisting of 426.9 of Mr. Reilly's hours and 170 of Mr. Greenberg's hours). 596.9 is forty-six percent of 1296.9.