UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIO A. DURAN,

              Plaintiff,

   -against-                                   REPORT &
                                                  RECOMMENDATION
K&J SUPERMARKET, INC., et al.,            11-CV-276 (TLM)

              Defendants.
------------------------------------------------------------X
GOLD, STEVEN M., *United States Magistrate Judge*:

      Plaintiff in this Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) case has moved for an award of attorney's fees and costs. Docket Entry 42. Following a bench trial in front of the Honorable Tucker L. Melancon, plaintiff was awarded a total of $176,926.75, plus interest, for violations of the overtime wage provisions of the FLSA and NYLL. Docket Entry 36. At the conclusion of the trial, plaintiff requested fees and costs, July 26 Tr. 436-37, Docket Entry 41, and Judge Melancon referred the resulting motion to me for report and recommendation, Docket Entry 38. For the reasons stated below, I respectfully recommend that plaintiff's counsel be awarded $74,761.90 in fees and costs.

      Both the FLSA and NYLL provide that a prevailing party may be awarded reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). The Second Circuit has clarified that, generally, a court should calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects what "a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (internal quotations omitted).[1] In

---

[1] Plaintiff argues in his briefing that I should not consider the "subjective, multi-factored methodology used in *Arbor Hill*" in light of the Second Circuit's emphasis on calculating the lodestar in *Millea v. Metro-North R.R.*, 658 F.3d 154 (2011). Pl. Mem. 5, Docket Entry 43. Both cases embrace the lodestar method, however; *Millea* clarifies how

performing this analysis, the Court has "considerable discretion." *Arbor Hill*, 522 F.3d at 190; *accord J.S. ex rel. Z.S. v. Carmel Cent. Sch. Dist.*, 2012 WL 5440112, at *2 (2d Cir. Nov. 8, 2012) (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). In addition, claims for attorney's fees in the Second Circuit must comply with *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications.

Plaintiff has requested fees in the amount of $450 per hour for the 53 hours that partner Neil H. Greenberg spent on the case and $350 per hour for the 182 hours that attorney Justin M. Reilly expended. Pl. Mem. 10. Mr. Greenberg also requests compensation for six hours of travel time at half of his hourly rate, and Mr. Reilly similarly requests half pay for 13 hours of travel time. *Id.* Finally, plaintiff moves for reimbursement of $4658.90 in costs and disbursements. *Id.* As required by *Carey*, this application is supported by contemporaneous time records, Pl. Ex. B, Docket Entry 43-2, as well as declarations from Mr. Reilly and Mr. Greenberg, "Reilly Decl.," "Greenberg Decl.," Docket Entries 43-4 and 43-5, respectively. Finally, plaintiff has submitted evidence of the various costs and disbursements incurred in the case. Pl. Ex. C, Docket Entry 43-3.

I turn first to the hours that both attorneys spent on this case. Defendants do not explicitly challenge the number of hours claimed by plaintiff's counsel, but argue that counsel's time records are vague. Defs. Mem. 3, Docket Entry 44. Defendants' argument is conclusory in that no examples of purportedly vague time entries are provided, and in any event it is wrong; counsel's time records are detailed and more than adequate to demonstrate the reasonableness of the hours billed. Nonetheless, some of the time that plaintiff's counsel spent on particular tasks

---

certain factors may be appropriately applied to adjust that figure and emphasizes that such adjustments should be rare, but continues to cite *Arbor Hill* for the proposition that the lodestar is "presumptively reasonable." 658 F.3d at 166. I therefore see no indication in *Millea* that *Arbor Hill* has been abrogated.

seems excessive. For example, the time records show that Mr. Reilly spent a total of 27.5 hours preparing the papers for the instant motion seeking fees and costs, five hours of which were spent researching "a prevailing party's entitlement to reasonable attorney's fees and costs pursuant to the FLSA and NYLL." Pl. Ex. B, Docket Entry 43-2, at 2 (billing entries for Sept. 17, 2012 through Sept. 21, 2012). More than five hours were also spent researching the case law related to hourly rates in this district and the lodestar method for calculating fees. *Id.* These hours are excessive because the case law at issue is straightforward, and because the law should have already been familiar to a lawyer who, like Mr. Reilly, has litigated numerous labor law cases in federal court. *See* Reilly Aff. ¶ 14 (detailing Mr. Reilly's labor litigation experience in federal court). On the other hand, more than three-fourths of the hours billed were worked by Mr. Reilly, the less senior of plaintiff's two trial attorneys, and the one who bills at a lower hourly rate. This suggests that plaintiff's counsel efficiently divided their efforts. Taking these factors into account, I respectfully recommend that the total hours requested by counsel be reduced by ten percent. *See, e.g., Carey*, 711 F.2d at 1146 (recognizing that the judge "was acting within his discretion when he chose to make percentage reductions in response to defendants' detailed claims that fee application contained excessive . . . hours").

The rates requested in this case—$450 per hour for Mr. Greenberg and $350 per hour for Mr. Reilly—are also high, even in light of Mr. Greenberg and Mr. Reilly's substantial litigation experience. An appropriate hourly rate is determined by examining those rates charged "for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Reiter v. MTA N.Y.C. Trans. Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)), "in the district in which the reviewing court sits," *Simmons v. N.Y.C. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "[H]ourly rates for attorneys approved in recent

3

Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Sacardi v. Green Field Churrascaria, Inc.*, 2012 WL 4979195, at *1 (E.D.N.Y. Oct. 17, 2012) (quoting *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) and collecting other recent cases) (evaluating a fee application following an FLSA bench trial).

Mr. Greenberg is the President of Neil H. Greenberg & Associates, P.C. and has been a litigator for thirty years. Greenberg Decl. ¶¶ 4-5. His work has included labor law matters since 1999, and he has defended approximately twelve cases involving FLSA and NYLL claims in federal court since 2004. *Id.* ¶¶ 11, 15. He generally bills $550 per hour. *Id.* ¶ 14; Pl. Ex. E (Greenberg retainer agreement). Mr. Reilly is an attorney at Neil H. Greenberg & Associates, P.C. and has thirteen years of litigation experience. Reilly Decl. ¶¶ 4-5. He has worked with Mr. Greenberg on labor cases since 1999, including on cases in federal court since 2004, and has "orally argued the bulk of the firm's motions in Federal and State Court . . . for many years now . . . [and has] assisted in the preparation of every Federal and State case for trial." *Id.* ¶¶ 9, 12, 14. His current rate is $450 per hour. *Id.* ¶ 13; Pl. Ex. F (Reilly retainer agreement).

Plaintiff's counsel support their requested rates by citing a number of cases in this district where fees as high or higher were awarded. Pl. Mem. 9. However, these cases did not involve FLSA or NYLL claims, but rather civil rights claims, and in at least one of them, the Court acknowledged that particularly high fees were being awarded due to the special nature of the representation. *See Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (awarding, in a Title VII case, $480 per hour to a litigator with 30 years of experience because, though the rate was "at the upper end of the range typically awarded in this district, [the attorney] was brought in to try the case, [and] his trial skills may well be the reason

4

for the favorable jury award," and awarding hourly rates of $360 and $300, respectively, to attorneys with nineteen and eleven years of experience); *see also Hugee v. Kimso*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012) (noting that "[t]he highest rates in this district [of $350-400 per hour] are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields" (collecting cases)).

More comparable are cases in this district in which FLSA and NYLL matters have been litigated to trial by lawyers of comparable skill and experience to Mr. Greenberg's and Mr. Reilly's. This Court recently awarded a plaintiff's counsel with nine years of experience who served as lead counsel the $275 per hour that she requested following an FLSA bench trial. *Sacardi*, 2012 WL 4979195, at *1. In a recent FLSA default action, $350 per hour was awarded for a partner with "extensive" "experience in wage litigation." *Janus v. Regalis Const., Inc.*, 2012 WL 3878113, at *11 (E.D.N.Y. July 23, 2012). The Court in a similar default action awarded $250 per hour to a senior associate from a "large international law firm." *Shim v. Millennium Grp.*, 2010 WL 2772493, at *3 (E.D.N.Y. June 21, 2010) (collecting similar cases).

In light of these previous awards, and bearing in mind that Mr. Greenberg and Mr. Reilly are both experienced attorneys and that they conducted a trial on the issues in this case, I respectfully recommend that Mr. Greenberg be awarded $375 per hour and Mr. Reilly $300 per hour.[2] Factoring in the ten percent reduction of hours spent on legal work (as opposed to travel time), I recommend that the following fees be awarded:[3]

---

[2] These fees are lower than those included in counsel's retainer agreements. Plaintiff is correct that a retainer agreement may be "strong evidence" of the reasonable rate for an attorney. *See, e.g., Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (collecting cases)). Here, however, the case law in the text amply demonstrates that reasonable rates in this district differ significantly from those charged by plaintiff's counsel. Thus, the hourly rates in my recommendation differ from those in counsel's retainer agreements.

[3] Travel time is generally compensated at half the attorney's hourly rate. *Hugee*, 852 F. Supp. 2d at 301 (collecting cases).

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Greenberg | 47.7 | $375/hr | $17,888 |
| Greenberg travel time | 6 | $187.50/hr | $1125 |
| Reilly | 163.8 | $300/hr | $49,140 |
| Reilly travel time | 13 | $150/hr | $1950 |
|  |  |  | $70,103 |

In addition, plaintiff's counsel requests $4658.90 in costs. Pl. Mem. 10; Pl. Ex. C (records of costs and disbursements). These costs are primarily for service, filing fees, transcripts, translation, and electronic research. All of these costs are appropriately compensable and do not appear to be unreasonable. *See, e.g., Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding the costs of interpreters at depositions and court conferences in an FLSA action); *Imbreault v. Rick's Cabaret Int'l Inc.*, 2009 WL 2482134, at *11 (S.D.N.Y. Aug. 13, 2009) (noting that the costs of electronic legal research are, in general, appropriately included in the award). I therefore recommend that the full amount of costs be awarded to plaintiff.

For the reasons stated above, I respectfully recommend that a total of $70,103 in fees and 4658.90 in costs be awarded to plaintiff, for a total award of $74,761.90. Any objections to the recommendations made in this Report must be made within fourteen days after filing of the Report and, in any event, no later than May 31, 2013. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2). Failure to file timely objections may waive the right to appeal the District

6

Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
May 14, 2013

*U:\rmk 2013\Duran v K&J Supermarket\Motion for Attorney's Fees\Duran Mot for Fees R&R - final.docx*