UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MEHMET AKIN,

        Plaintiff,

  -against-

ANJON OF GREENLAWN, INC., ANTON
PARISI, and JOHN PARISI,

        Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ SEP 24 2015 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 12-4286

(Wexler, J.)

WEXLER, District Judge:

    Before the Court is the motion of Plaintiff Mehmet Akin ("Plaintiff" or "Akin") for attorneys' fees following the settlement of his claims under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for unpaid overtime wages and for retaliation. Plaintiff was employed by defendants Anjon of Greenlawn, Inc., Anton Parisi and John Parisi (collectively, the "Defendants") as a gas station attendant. The parties conducted various depositions and completed discovery, and Defendants moved for summary judgment, claiming that Plaintiff's claims were precluded by his immigration status. By Memorandum and Order at docket entry 35, that motion was denied. The matter settled approximately four days prior to trial for $25,500. Plaintiff now seeks attorneys' fees in the amount of $65,111.25, and costs in the amount of $5,183.77.

    Both the FLSA and NYLL provide that the prevailing party may be awarded reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); NYLL, § 663(1). The Second Circuit has stated that the lodestar approach is an appropriate method to determine a reasonable fee. Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens

Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2007) and citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)). In determining the reasonable hourly rate for this method, the court can consider what a "reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 184.

Having reviewed the parties' submissions, the Court finds that the attorneys' fees requested are reasonable in this case. The Court notes that this case was fully litigated to the point of trial, and included Defendants' motion for summary judgment, which was denied. The majority of the hours were appropriately billed by the less-expensive lawyer on the matter, and the hourly rates of $350 and $300 requested are consistent with fees charged in this district, and less than the rates reflected in the retainer agreements submitted. The costs requested -- for filing fees, services charges, and deposition transcripts -- are also reasonable. Plaintiff's motion for attorneys' fees in the amount of $65,111.25 and costs in the amount of $5,183.77 is granted.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 24 2015