UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERGUN BOZDOGAN,

Plaintiff,

-against-

23 LUDLAM FUEL, INC., JOHN PARISI, and ANTON PARISI,

Defendants.
-------------------------------------------------------------X

**DECISION AND ORDER**

16-CV-1053 (JMW)

**A P P E A R A N C E S:**

Justin M. Reilly, Esq.
**The NHG Law Group, P.C.**
4242 Merrick Rd
Massapequa, NY 11758
*Attorney for Plaintiff*

Jeffrey H. Weinberger, Esq.
**Law Office of Steven Cohn, P.C.**
1 Old County Rd, St 420
Carle Place, NY 11514
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Ergun Bozdogan commenced this action against Defendants 23 Ludlam Fuel, Inc. ("Ludlam"), John Parisi, and Anton Parisi alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq*., and New York Codes, Rules, and Regulations ("NYCRR") Part 142-2.2, for failure to pay overtime compensation and spread of hours wages. (DE 1.) The Honorable A.

Kathleen Tomlinson presided over a bench trial[1] of this matter on January 23 and 24, 2019.[2] (DE 60; DE 61.) Thomas Falzone, Jacalyn Parisi, John Parisi, and Plaintiff Ergun Bozdogan testified during Plaintiff's case-in-chief; Defendants' case-in chief consisted of testimony from Plaintiff, Ismial Boncukcu, and Fatin Kayis; Plaintiff submitted Exhibits 1-12 into evidence; and, Defendants submitted Exhibit A into evidence. (DE 62; DE 63.) Following the completion of the bench trial, Plaintiff and Defendants submitted proposed findings of fact and conclusions of law (DE 63 and DE 64 respectively). On May 2, 2019 and May 8, 2019, Plaintiff's fully briefed motion to amend his pleadings to assert two additional claims for wage notice and statement violations under NYLL §§ 195(1)(a) and 195(3) was submitted. (DE 66-DE 68.)

On October 25, 2021, this matter was reassigned to the undersigned [3] and, pursuant to Fed. R. Civ. P. 63, Defense counsel re-called Defendant John Parisi for further testimony on January 19, 2022. (DE 75.) At the completion of Mr. Parisi's testimony, trial concluded and the evidentiary record was closed. (*Id.*) Defendants and Plaintiff submitted supplemental proposed findings of fact and conclusions of law. (DE 77-DE 78, respectively.) On February 22, 2022, the Court granted Plaintiff's motion to amend the pleadings, pursuant to Fed. R. Civ. P. 15(b), to conform to the evidence adduced at trial. (DE 79.) On September 15, 2022, the Court rendered a decision on the trial and issued its findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 (DE 80) ("Trial Decision")).

[1] The parties consented to a bench trial of this matter. *See* Joint Pretrial Order (DE 38).

[2] Pursuant to 28 U.S.C. § 636(c), the parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge on October 1, 2018. (DE 49.)

[3] The case was reassigned to the undersigned upon the passing of Judge Tomlinson.

The Trial Decision granted Judgment to Plaintiff as follows: Judgment against Defendants, jointly and severally, in the amount of $56,194.22, consisting of: (1) $23,097.11 in unpaid wages; (2) $23,097.11 in liquidated damages; and (3) $10,000 in statutory damages for violations of the wage and notice statement provisions of the NYLL, plus prejudgment interest (DE 81). Plaintiff was also directed to file an application for attorneys' fees and costs as the prevailing party (DE 80).

The Court has considered the parties' submissions on the attorneys' fees application (*see* DE 83, 85, 86 and 87), along with the bill of costs (DE 82), and accordingly, the application for costs and fees is granted as set forth below.

## I. **DISCUSSION**

***The Standard Applied in Assessing the Application:***

A prevailing plaintiff in an action brought under both the FLSA and NYLL is entitled to an award of "reasonable" attorney's fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Lopez v. KI Moon Rest. Corp.*, No. 17-CV-6078 (LDH) (RLM), 2021 WL 681710 (E.D.N.Y. Jan. 28, 2021) (citing *Singh v. A & A Mkt. Plaza, Inc.*, No. CV 15-7396 (AKT), 2019 WL 4861882, at *6 (E.D.N.Y. Sept. 30, 2019)). Here, plaintiff is a "prevailing party" entitled to an award of fees and costs. In this Circuit, when considering an application for attorney's fees, the Court is obligated to determine the presumptively reasonable fee. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 790 F.App'x 289, 292 (2d Cir. 2019); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). This so-called presumptively reasonable fee, that is, lodestar, amounts to "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to

litigate the case effectively." *Simmons v. New York City Transit Auth*., 575 F.3d 170, 174 (2d Cir. 2009); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) ("lodestar is the guiding light"). The prevailing party – here, Plaintiff -- bears the ultimate burden of proof on the issue of the reasonableness of the fee, including the appropriateness of the rates charged and the necessity of the hours spent. See *Lopez,* 2021 WL 681710 at *2 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Savoie v. Merchs. Bank,* 166 F.3d 456, 463 (2d Cir. 1999); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F.Supp.3d 19, 51 (E.D.N.Y. 2015). Although the Court has broad and "considerable discretion" over a fee award, *see Hensley*, 461 U.S. at 437 and *Arbor Hill*, 522 F.3d at 190, the Court must consider a variety of factors. These factors include, the labor and skill required, the difficulty or complexity of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill,* 522 F.3d at 184, 186 n.3, 190.

Once a determination is made on the reasonableness of the hourly rate, then that rate is applied to the number of hours reasonably expended by counsel – which is scrutinized by the Court -- in determining the award. *See Arbor Hill,* 522 F.3d at 190. The ultimate objective in awarding fees is "to do rough justice, not to achieve auditing perfection." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). Thus, "the determination of fees should not result in a second major litigation." *Id*. (citation omitted).

It is against this backdrop that the Court considers the application.

***Plaintiff's Application:***

Plaintiff seeks compensation for 398.8 hours of work through trial and including the preparation of the fee application, based upon contemporaneous time records (DE 83-2). Plaintiff's counsel requests that the Court approve the following hourly rates: Justin Reilly = $450; and Keith E. Williams = $300. Mr. Reilly has a current billing rate of $550 per hour, while Mr. Williams has a current rate of $450 per hour (DE 83-2). The breakdown of fees sought is:

**Reilly:** 193.5 hours x $450 = $87,075, plus 7.5 hours x 225 for travel time at half the requested rate = $1,687.50, totalling = **$88,762.50**

**Williams:** 196.8 hours x $300 = $59,040, plus 1 hour of "commute" time at half hourly rate requested = $150, totalling = **$59, 190.00**

TOTAL SOUGHT IN ATTORNEYS' FEES = **$147,952.50**

In addition to attorneys' fees, Plaintiff seeks recovery of **$6,992.64** in costs (*see* DE 82, 83-3). Thus, the total amount sought on this application is **$154,945.14**.

***Defendants' Opposition:***

Defendants seek reduction of the amounts sought by Plaintiff on a variety of grounds. *First*, the rate proposed by Plaintiff's counsel are too high. *Second*, the hours expended are not reasonable, because of time spent on administrative tasks, redundancy of efforts and block-billing. *Third*, and "across the board" reduction is appropriate under the circumstances. *Au fond*, Defendants "respectfully request that the Court impose the reductions presented." (DE 86, at 18.)

***Analysis of the Application and Consideration of the Objections:***

**i. The Hourly Rates**

In determining an appropriate hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. NYC Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds* 522 F.3d 182 (2d Cir. 2008). The Second Circuit in *Arbor Hill* (and reaffirmed in *Simmons*) made clear that "district courts are advised 'to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.'" *Simmons*, 575 F.3d at 172, quoting *Arbor Hill*,493 F.3d at 117-18 (emphasis in original).

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111 (CBA)(LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 190 (2d Cir. 2007). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. "The party applying for fees must support the hourly rates it claims with, for example, evidence of

counsel's expertise and prevailing market rates." *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110(JS)(ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) (internal quotations omitted).

The fact that NHG Law Group, P.C. bills Mr. Reilly's time at $550 per hour (Reilly Decl. ¶ 11) is not dispositive but appropriate to consider. *See Katzenberg v. Lazzari*, 2007 WL 2973586 at *6 - 8 (E.D.N.Y. Oct. 9, 2007) ("attorneys' fees award in the context of an order requiring a losing party in a litigation to pay the prevailing party "is not the same as the reasonableness of a bill that a law firm might present to its own paying client"). Plaintiff contends that "some courts in the Eastern District of New York have recognized slightly higher rates of $300.00 to $450.00 an hour" (DE 83-1, at 5). However, all five cases cited involved civil rights claims, not claims involving the FLSA or New York Labor Law. As Defendants note, Magistrate Judge Steven Gold pointed out this very distinction in *Duran v. K&J Supermarket, Inc.,* 11 CV 276 (E.D.N.Y. May 14, 2013), in which he declined a similar request for a $450 hourly rate by the principal of Mr. Reilly's firm, Neil H. Greenberg, and awarding Mr. Reilly a $300 hourly rate. *Duran* is consistent with other Eastern District of New York cases on point. "Lawsuits asserting claims under wage and hour laws are somewhat less complex than civil rights cases; wage and hour suits invoke a more straightforward statutory and regulatory scheme and do not generally require proof of intent." *Hugee v. Kimso*, 852 F. Supp. 2d 281, 299-300 (E.D.N.Y. 2012); *see also Garland v. Cohen & Krassner*, 2011 WL 6010211 at *10–11 (E.D.N.Y. Nov. 29, 2011) (reducing rate for attorney with 17 years' experience to $300 because the "case was neither complex nor a vanguard for [the field], and it did not involve any novel issues warranting counsel's unique expertise"); *Sevilla v. House of Salads One LLC*, 2022 WL 954740 at *12 (E.D.N.Y. March 30, 2022) (FLSA and New York Labor Law are "straightforward" and "relatively simple"); *see also Lopez*, 2021 WL 681710 at *2-3 (noting

FLSA rates between $300 and $400 for partners, and awarding there $400 based upon counsel's extensive experience).

There are no unique circumstances that would justify a departure from the prevailing market rates in this district. That said, attorneys' fees decisions describing the so-called prevailing market rates must be view through the lens of time. That is, the Court is mindful that attorney rates simply do not stagnate in the marketplace, rather they increase over time. *See, e.g.*, Debra Cassens Weiss, *Law Firms Plan Big Billing Rate Increases, Even as Discounts and Write-offs Proliferate*, ABA J. (Dec. 6, 2022) (noting 7-8% increases planned).[4] As a result, caution must be exercised in considering past awards over time for guidance.

This is a relatively straight-forward wage and hour litigation resulting in a three-day bench trial. Although the work of a litigator is not easy, some cases are obviously more complex and more difficult than others. This one, however, is not considered complex. In sum, considering the prevailing market rates, the age of the cases cited by both parties, the Court finds that the following hourly rates are reasonable and appropriate in this case: **Mr. Reilly** = **$400**[5] and **Mr. Williams** = **$275.**[6]

---

[4] Found at https://www.abajournal.com/news/article/law-firms-plan-big-billing-rate-increases-even-as-discounts-and-write-offs-proliferate#:~:text=Planned%20increases%20in%20law%20firm,Wells%20Fargo's%20Legal%20Specialty%20Group.

[5] Mr. Reilly has been admitted for over 22 years, with his practice primarily focused on litigating and trying employment law matters like this one (DE 83-3). His court approved rate has remained the same for a decade. *Id.* Those rates awarded to him nearly a decade ago are no longer "market" in this Court's view.

[6] In approving an FLSA settlement last year, this Court approved a fee based upon Mr. Williams's billing rate of $275, with the undersigned concluding that his "billing rate falls squarely within the range of rates for senior associates." *Llama v. Cor J. Sea Food Corp.*, 21-CV-0248 (E.D.N.Y. Nov. 10, 2021) (found at DE 21). I see no reason to depart from that rate.

**ii. The Reasonableness of the Time**

In assessing a fee application and the supporting documentation, the Court should not include "excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Similarly, when tasks done by attorneys are considered administrative or more appropriately conducted by paralegals, then the rates should be adjusted accordingly. *See Grievson v. Rochester Psychiatric Center*, 746 F.Supp.2d 454, 467 n.7 (W.D.N.Y. 2010) ("time spent 'digesting' deposition transcripts [is] a task more commonly delegated to legal assistants"); *Jennings v. Lenox Hill Hosp*., 1986 WL 1177 at *4 (S.D.N.Y. 1986) (reducing amounts for "excessive time spent preparing the pretrial order and writing digests for depositions"); *Marchuk v. Faruqi & Faruqi, LLP,* 104 F.Supp.3d 363, 369-70 (S.D.N.Y. 2015) (noting "number of hours billed was unreasonably high . . . for 'digesting' deposition transcripts"). And block-billing is frowned upon, since it amounts to "the lumping together of discrete tasks with others that are not clearly defined, which makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Douvon v. New York Medical Health Care, P.C.*, 49 F. Supp.3d 328, 350 (E.D.N.Y. 2014).

Throughout the contemporaneous time records submitted (DE 83-2), there are examples of both Messrs. Reilly and Williams performing what amount to administrative or paralegal tasks such as digesting deposition transcripts, annotating or summarizing transcripts, preparing notices of appearance and reviewing and stamping documents (*see, e.g.,* DE 83-2 (8/2/2016; 10/24/2016; 10/4-5/2018; 1/4/2019; 1/11/2019)). In addition, block-billing is found occasionally as well, where the attorneys list a variety of tasks performed during the course of the day and provide a

total number of hours, not broken down by task (*see, e.g.,* DE 83-2 (3/20/2019; 3/29/2019; 1/11/2019; 8/1/2016). These are examples, rather than an exhaustive list.

Where the records submitted in support of a fee application are vague, duplicative, contain block-billing or other deficiencies, it is well within the Court's discretion to consider an "across the board" percentage reduction. And that's because "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Defendants ask the Court to do just that, in line with what the Court did in *Callari v. Blackman Plumbing Supply, Inc.*, 2020 WL 2771008 (E.D.N.Y. May 4, 2020). In *Callari*, also an FLSA case, Judge Tomlinson applied a 45% across-the-board reduction of the fee application. *Id.* at *16. In doing so, the Court found "egregious examples of excessive hours expended." *Id.* at *13. Defendants here, however, request a mere 40% across-the-board reduction.

The Court has carefully reviewed the time sheets submitted, considered the deficiencies noted above and concludes an across-the-board reduction is indeed appropriate, but not at the rate proposed by Defendants. The Court does not even remotely find similarities between the billing records here and those in *Callari* sufficient to warrant an excessive across-the-board cut. Rather, on balance, the work performed was extensive, taking this case through trial and beyond, and the results achieved justify a reasonable fee award with an across-the-board reduction of only15% to account for the deficiencies noted.[7] As such, the Court awards the following in attorney's fees:

---

[7] The Court notes that counsel in cases seeking fee awards should know better by now as to what it expected, allowed and disallowed by the Courts on fee applications. That is, contemporaneous time sheets should be prepared accordingly to avoid these pitfalls and ultimate reductions: *assign administrative tasks to paralegals, avoid "block-billing" and the like.*

**Reilly:** 164.5 hours x $400 = **$65,800**[8]

**Williams:** 167.3 hours x $275 = **$46,007.50**

TOTAL SOUGHT IN ATTORNEYS' FEES = **$111,807.50**

In addition to attorneys' fees, Plaintiff is awarded **$6,992.64** in costs (*see* DE 82, 83-3) as they appear reasonable. *See Apolinario v. Luis Angie Deli Grocery Inc.*, 2015 WL 4522984 at *4 (S.D.N.Y. July 27, 2015) (prevailing party is entitled to reasonable costs in addition to attorneys' fees).

Thus, the total amount awarded is **$118,800.14**.

## CONCLUSION

For the foregoing reasons, Plaintiff is awarded attorneys' fees in the amount of $111,807.50 and costs in the amount of $6,992.64, for a total of **$118,800.14.** The Clerk of the Court is directed to enter an amended judgment consistent with the amounts set forth herein.

Dated: Central Islip, New York
December 29, 2022

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

[8] The reduced amounts of time were rounded-up. That is, Reilly's time was rounded from actual 164.47 to 164.5 and Williams's from 167.28 to 167.3.